ANDRE SCHOKA, Appellant, *v.* SHERIFF, WASHOE COUNTY, NEVADA, Respondent.

No. 22363

January 24, 1992                                  824 P.2d 290

---

[Rehearing denied March 3, 1992]

*Andre Schoka,* In Proper Person, Carson City, for Appellant.

*Dorothy Nash Holmes,* District Attorney and *Arthur Noxon,* Deputy District Attorney, Washoe County, for Respondent.

## OPINION

*Per Curiam:*

On August 29, 1989, the sheriff of Washoe County ("state") filed in the district court a complaint for forfeiture. That complaint named as respondents a 1985 Mercedes Benz ("car"), and a Charles Schwab account ("account") in the amount of $23,634.38. The complaint charged that Schoka used the car and the account as instrumentalities in the commission of various felonies.

On September 21, 1989, Schoka filed his answer to the complaint. Schoka denied the state's allegations. On February 19, 1991, the state filed a trial statement which described the car as an instrumentality of crime, but described the account as the proceeds of crime. According to the state, Schoka was involved in a pattern of real estate fraud. Schoka would buy properties with assumable loans, collect the rent on those properties, and then fail to make the monthly mortgage payments.

On February 22, 1991, the district court commenced a hearing on the state's complaint for forfeiture. On May 29, 1991, the district court entered its decision and order forfeiting the car and the account. This appeal followed.

The district court found that forfeiture was proper under NRS 179.121.[1] Specifically, the district court found that the state

---

[1]NRS 179.121 reads in pertinent part as follows:

1. All personal property, including any tool, substance, weapon, machine, money or security, which is used as an instrumentality in the

proved that Schoka used the car and the account as instrumentalities in the commission of various felonies. Based on our review of the record on appeal, we conclude that the state failed to present sufficient evidence to support the order of the district court forfeiting Schoka's property. The state called several witnesses who testified to fraudulent conduct on the part of Schoka. The testimony concerning the car and the account was, however, very limited.

With regard to the car, two victims did see Schoka driving the car to meet with them. One victim even testified that he was more impressed with Schoka because of the way Schoka dressed and the car he drove. There was no evidence, however, that Schoka made any effort to display his car to his victims, or that Schoka made any use of his car in the commission of a crime other than the incidental use of transporting him to the scene of the crime. The result of this case might be different if Schoka had used the car to transport stolen property, or as a means of escape. The evidence presented, however, does not show that the car played any role in the commission of a crime. This evidence is insufficient to establish that the car was an instrumentality of a crime.

Likewise, there was no evidence at all that the account was an instrumentality of a crime. Further, because there was no evidence which traced any of the funds in the account to any criminal activity, we cannot conclude that the account was forfeitable as the proceeds of crime.

Because the state failed to present sufficient evidence to support the forfeiture of either the car or the account, we reverse the order of the district court forfeiting appellant's property.[2]

----

commission of or attempted commission of the crime of murder, robbery, kidnaping, burglary, invasion of the home, grand larceny or pandering, or a violation of NRS 200.465, 202.265, 202.287 or 465.070 to 465.085, inclusive, is subject to forfeiture.

2. Except as otherwise provided for conveyances forfeitable pursuant to NRS 453.301 or 501.3857, all conveyances, including aircraft, vehicles or vessels, which are used or intended for use during the commission of a felony or a violation of NRS 202.287 or 465.070 to 465.085, inclusive, are subject to forfeiture . . . .

[2]Although appellant has not been granted permission to file documents in this matter in proper person, *see* NRAP 46(b), we have received and considered appellant's proper person documents. We deny as moot appellant's motion to file an opening brief.

THE HONORABLE CLIFF YOUNG, Justice, did not participate in the decision of this appeal.