IN THE SUPREME COURT OF THE STATE OF NEVADA

CHRISTOPHER ROBERT KELLER,
Appellant,
vs.
LAS VEGAS METROPOLITAN POLICE
DEPARTMENT,
Respondent.

No. 75274

FILED

MAR 0 2 2020

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY
DEPUTY CLERK

*ORDER OF REVERSAL AND REMAND*

This is an appeal from a final judgment in a civil forfeiture action. Eighth Judicial District Court, Clark County; Gloria Sturman, Judge.

After Christopher Keller was found guilty of possession of a controlled substance with intent to sell, the Las Vegas Metropolitan Police Department (LVMPD) sought forfeiture of the $2,187.00 Keller had in his possession at the time of his arrest. The district court granted summary judgment in LVMPD's favor, reasoning that Keller had failed to present sufficient evidence to overcome the rebuttable presumption that the $2,187.00 was traceable to an exchange for a controlled substance. The district court further opined, that even if a portion of the $2,187.00 was from legitimate sources, the fact that it was "commingled" with illegitimate money meant the entire sum was tainted and subject to forfeiture.

*Keller provided sufficient evidence to withstand summary judgment*

Keller contends that there was enough evidence presented to the district court to create a genuine issue of material fact. We agree.

This court reviews a district court's order granting summary judgment de novo. *Wood v. Safeway, Inc.*, 121 Nev. 724, 729, 121 P.3d 1026, 1029 (2005). Summary judgment is proper if the pleadings and all other evidence on file demonstrate that no genuine issue of material fact exists and that the moving party is entitled to judgment as a matter of law. *Id.*

20-08326

When deciding a summary judgment motion, all evidence must be viewed in a light most favorable to the nonmoving party. *Id.* General allegations and conclusory statements do not create genuine issues of fact. *Id.* at 731, 121 P.3d at 1030-31.

At this stage of the proceedings, Keller presented sufficient evidence to withstand summary judgment. First, Keller provided a pay stub indicating he had earned money from a legitimate source. Second, Keller stated his mother loaned him money in the amount of $1,800.00. The attorney for LVMPD made a candid representation that he spoke with Keller's mother and she confirmed she loaned Keller $1,800.00.

*The district court erred in its analysis on commingling funds*

The district court also incorrectly concluded that once legitimate funds are commingled with illegitimate funds, the entire sum is subject to forfeiture. This court has held that money will not be subject to forfeiture where there is no evidence it can be traced to criminal activity. *Schoka v. Sheriff, Washoe Cty.*, 108 Nev. 89, 91, 824 P.2d 290, 291-92 (1992). Therefore, even if a portion of Keller's seized funds were attributable to illegal activity, this does not warrant forfeiture of the entire sum. Because there is a genuine issue of material fact as to the source of Keller's seized funds, we

ORDER the judgment of the district court REVERSED AND REMAND the case to district court for further proceedings consistent with this order.

_____, J.
Gibbons

_____, J.
Stiglich

_____, J.
Silver

cc: Hon. Gloria Sturman, District Judge
Snell & Wilmer, LLP/Las Vegas
Liesl K. Freedman
Matthew J. Christian
Barbara Buckley
Anne R. Traum
Eighth District Court Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A