**MOORCROFT STATE BANK,**
**Appellant (Plaintiff),**

v.

**Gerald M. MOREL, Appellee**
**(Defendant),**

**Richard Lee Spain and Sandra Lee**
**Spain (Defendants).**

**No. 84-92.**

Supreme Court of Wyoming.

July 10, 1985.

---

Thomas L. Whitley, Newcastle, for appellant.

Alan Jay Harper of Macy & Harper, Sundance, for appellee.

Before THOMAS, C.J., and ROSE, ROONEY, BROWN and CARDINE, JJ.

CARDINE, Justice.

Moorcroft State Bank brought suit against Gerald Morel as guarantor of a promissory note. Trial to the court resulted in a judgment in favor of Morel. The bank appeals from that judgment. We affirm.

Appellant raises the following issue:

"Whether the trial court committed reversible error in granting judgment to the appellee, Gerald M. Morel, based on its finding that there was a failure of consideration for appellee's guaranty of the pre-existing debt of another, in that said finding was not supported by the evidence before the trial court."

We have often said that:

"The trial court, sitting without a jury, is the trier of fact. On appeal, we assume that the evidence in favor of the successful party is true, leave out of consideration entirely the evidence of the unsuccessful party in conflict therewith, and give to the evidence of the successful party every favorable inference which may reasonably and fairly be drawn from it." *Krist v. Aetna Casualty & Surety*, Wyo., 667 P.2d 665, 672 (1983).

On September 19, 1980, Richard Lee Spain and Sandra Lee Spain, employees of appellee, obtained a loan from the Moorcroft State Bank in the amount of $9,000 and executed and delivered to the bank a promissory note in that amount secured in part by a mortgage upon their livestock. Appellee, Gerald Morel, was not involved, nor did the bank rely upon him, in making this loan. On September 27, 1980, eight

days after completing the loan to the Spains, the president of the bank asked Gerald Morel to his home where a discussion ensued concerning a guaranty of the loan. Morel refused to sign the guaranty saying he only agreed to furnish grass for the livestock; but the president of the bank insisted, "I've got to have [referring to the guaranty]—I must have this document." After considerable discussion and urging, Morel said, "So I succumbed to his argument and signed this guaranty." The guaranty of the note was by execution of a separate document dated September 27, 1980. A year later the note was in default. The bank extended the due date of the note upon an extension agreement being signed by Richard Spain. The note, as extended, provided for an increase in the rate of interest. Appellee Morel did not agree to the increase in the interest rate.

The bank sued and obtained a default judgment against Richard and Sandra Spain. The bank then brought suit against Morel upon his guaranty of the Spain obligation. The trial court, finding that no consideration had been given for the guaranty, entered judgment in favor of Gerald Morel. We agree with the trial court and hold that there was no consideration for Morel's guaranty. Since this holding disposes of the appeal, we need not address appellee's second argument, i.e., that the extension of the note with an increased rate of interest without the consent or agreement of the guarantor created a material difference—the effect of which was to release Morel from his obligation.

The bank contends that

"* * * the Guaranty was, in fact, executed with the intent of receiving the continued benefit of having a good employee,"

and that appellee signed the guaranty

"* * * with the intent of receiving a benefit legally sufficient to support a finding of consideration."

We must, on appeal, view the evidence in a light most favorable to the prevailing party —here, appellee Morel. At trial, appellee testified that it was to his advantage to keep a good employee on the ranch, and that his agreement was to furnish grass for livestock that the Spains would purchase. He agreed that it was to his advantage to furnish the grass for the Spains' livestock which were, in part, the collateral for the loan. He did not agree to more than this at the time the loan was made to the Spains.

■ When appellee conferred a benefit on his employee by permitting him to own cattle, furnished grass for the cattle, and conferred benefits that might "keep a good employee," that was a matter between appellee and his employee. It did not involve the bank at all. The bank had made the loan to the Spains eight days earlier. There was no evidence that it was made contingent upon its guaranty by Morel. The contrary in fact appears from the evidence. It is clear in the exchange between Morel and the bank president eight days later that there was no obligation on Morel's part to sign the guaranty. In this circumstance, it is necessary that there be a separate consideration flowing from the bank to Morel to support and create a valid contract of guaranty between the parties. That separate consideration might, among other things, be a forbearance to sue or call the note or foreclose the mortgage. But that threat does not appear from the record. The note was not in default and there was no apparent threat to the bank's security. Simply stated, at the time the bank sought Morel's guaranty, it conferred no benefit upon Morel nor did it suffer any detriment.

■ The law of guaranty is part of general contract law. When the guarantor is not a part of the original transaction of the principal obligor, his promise must be supported by separate consideration. 38 Am.Jur.2d Guaranty § 45. A naked promise is not sufficient. Consideration is one of the basic elements of a contract. The burden of proving consideration is on the one seeking to recover on the contract. *Miller v. Miller,* Wyo., 664 P.2d 39 (1983).

"A generally accepted definition of consideration is that a legal detriment has

been bargained for and exchanged for a promise. The Restatement of Contracts says that a performance or a returned promise must be bargained for. ' * * * The performance may consist of an act, other than a promise, or a forbearance, or the creation, modification or destruction of a legal relation.' Lack of consideration goes to the validity of contract formation. Absent some indicia of actual consideration, a contract will be held invalid by the courts.

" 'For several centuries, it has been customary to say by the common law that no informal promise is enforceable if it is without consideration. * * *' 1 Corbin on Contracts, § 110, p. 491 (1963 Replacement)." (Citations omitted.) Id. at 40–41.

There are many definitions given to valuable consideration

" * * * such as profit or benefit to the assignor or forbearance or detriment given or suffered by the assignee; a benefit to the promisor or a detriment to the promisee; performance of an act (the making of a loan) by a promisee which he is not legally obligated to perform. In 1 Williston on Contracts, 1936, § 102A, p. 327, it is said, 'It [detriment] means giving up something which immediately prior or thereto the promisee was privileged to keep * * *.' " (Citations omitted.) Laibly v. Halseth, Wyo., 345 P.2d 796, 799 (1959).

The trial judge was correct in finding a lack of evidence to support a finding of consideration. The "intent of receiving the continued benefit of having a good employee" is not "consideration" as will support the guaranty agreement in this instance. The bank did not give up anything nor promise anything. At the time the guaranty was executed, the bank did nothing that had not already been done that would assure appellee of keeping a good employee. The bank in truth did nothing at all other than obtain appellee's signature upon a separate guaranty document. As we have said, that was not sufficient.

Appellant next contends that since the guaranty states:

"In consideration of the sum of One Dollar and other valuable consideration, receipt and sufficiency of which is hereby acknowledged,"

it presents prima facie evidence that sufficient evidence was present to support this contract. In Kay v. Spencer, 29 Wyo. 382, 213 P. 571, 574, 27 A.L.R. 1122 (1923), we stated that:

"The acknowledgment of the receipt of $1, a mere statement of fact, known by both parties to be untrue, gained no sanctity by reason of being stated in writing, and could be disproved."

Appellant contends, further, that the consideration requirement is satisfied by inclusion in this guaranty of the words "other valuable consideration." There is no evidence, however, that any valuable consideration was received by appellee either by way of benefit or detriment. We have already held that appellee's continuing to receive the services of a good employee was not a sufficient consideration. The judgment of the trial court is, therefore, affirmed.