Corey LOGHRY, Appellant (Plaintiff),

v.

UNICOVER CORPORATION,
Appellee (Defendant).

No. 93–210.

Supreme Court of Wyoming.

July 20, 1994.

Harold F. Buck of Buck Law Offices, Cheyenne, for appellant.

W. Perry Dray and Brandin Hay of Dray, Madison & Thomson, P.C., Cheyenne, for appellee.

Before GOLDEN, C.J., THOMAS, MACY and TAYLOR, JJ., and CARDINE, J. (Retired).

MACY, Justice.

Appellant Corey Loghry appeals from the district court's partial summary judgment which determined that a disclaimer of contract in a personnel handbook was conspicuous and that Loghry was an "at-will" employee whom Appellee Unicover Corporation could discharge with or without having cause and without adhering to an internal disciplinary process.

We affirm.

Loghry presents these issues:

Summary judgment was erroneously entered to determine adversely, as a matter of law, Plaintiff's employment termination claims which rights were claimed to arise from the employer's Personnel Policy Handbook and the understanding of Plaintiff/Employee regarding her employment status when discharged without notice or hearing to arise from:

A.   Express contract;

B.   Implied contract regarding employee termination;  or

C.   Promissory estoppel.

Unicover brings these questions for our review:

I. Was Appellant Corey Loghry employed at will with Appellee Unicover Corporation, subject to discharge at any time for any reason?

II. Was Appellant Corey Loghry's appeal of a W.R.C.P. 54(b) final order untimely, so as to deprive this Court of jurisdiction to hear this appeal?

■ Loghry was discharged from her employment with Unicover after she reported what she believed to be a violation of Unicover's policy regarding trade secrets and confidentiality of company operations. She filed a complaint in the district court on March 12, 1993, alleging that she had been discharged from her employment in violation of the contractual rights which arose under Unicover's personnel handbook. Unicover answered the complaint and filed a motion for a partial summary judgment. The district court granted a partial summary judgment on June 7, 1993, in favor of Unicover, finding that Loghry was an "at-will" employee and that Unicover's disclaimer, which was attached to its personnel handbook and which had been acknowledged by Loghry, was conspicuous and precluded any alteration of Loghry's "at-will" status. The district court also determined that, in accordance with W.R.C.P. 54(b), no just reason existed for delay and directed that a final judgment be entered, making that partial summary judgment immediately appealable. 10 CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 2654 (1983). We note, however, that a W.R.C.P. 54(b) certification is subject to review in this Court for a determination as to whether certification would further the interests of judicial economy and the sound administration of the appellate process. *Id.*, at § 2659.

On June 12, 1993, Loghry moved to amend her complaint. According to the certificate of service attached to the motion to amend the complaint, Loghry mailed a copy of the motion to Unicover on that date; however, the motion was not stamped as being filed in the district court until July 13, 1993, twenty-one days after the resistance to the motion had been filed. On July 19, 1993, Loghry filed a motion for reconsideration of the partial summary judgment. Not only was that motion filed untimely, but the time for taking an appeal from that partial summary judgment had expired on July 7, 1993. W.R.C.P. 59; W.R.A.P. 2.01. On July 22, 1993, Loghry filed a motion for relief from the judgment or, in the alternative, to modify the judgment under W.R.C.P. 60. That motion was also untimely filed because it had not been filed within a reasonable time after the judgment had been entered. W.R.C.P. 60(b). The district court entered an order on August 18, 1993, stating that it had erroneously included the W.R.C.P. 54(b) certification in the partial summary judgment, denying the motion to reconsider the partial summary judgment, and granting Loghry's motion to amend her complaint. Loghry filed her amended complaint,[1] alleging three claims for relief: breach of contract, promissory estoppel regarding written policies, and promissory estoppel regarding oral representations made by a Unicover officer. Unicover answered that complaint and again filed a motion for a partial summary judgment. The district court entered a final order on September 13, 1993, granting a partial summary judgment in favor of Unicover to the same effect as was granted in its original judgment and including a W.R.C.P. 54(b) certification. Loghry filed a timely notice of appeal from the second partial summary judgment. The district court stayed the trial on the remaining claim in this matter on December 1, 1993, pending resolution of this appeal.

■ We must first determine whether this appeal should be dismissed because Loghry failed to take an appeal from the first partial summary judgment. If she had elected to file an appeal from that judgment, she would have had to have done so within thirty days of the entry of the first partial summary judgment. W.R.A.P. 2.01. We are unable to

---

1. Loghry's amended complaint and its certificate of service were both dated August 18, 1993, but the filed date stamp appearing on the amended complaint shows that it was filed in the district court on August 17, 1993, one day before the district court entered and filed its order which granted Loghry's motion to amend her complaint.

find any instructive precedents or legal reasoning which can be applied to the rather muddled course this case has followed to date. Since we are unable to conclude that the appeal under consideration was untimely filed, we hold that we have jurisdiction to consider the matters presented.

Unicover contends that the disclaimer to its personnel handbook which it issued to Loghry was conspicuous and served to preclude the creation of any contractual rights and to fully preserve Loghry's status as an "at-will" employee who could be discharged with or without cause. "In Wyoming, employment is presumed to be at-will; however, '[a] handbook may change the employer's unfettered right to discharge an employee.'" *Sanchez v. Life Care Centers of America, Inc.*, 855 P.2d 1256, 1257 (Wyo.1993) (quoting *Leithead v. American Colloid Company*, 721 P.2d 1059, 1062 (Wyo.1986), and citing *Alexander v. Phillips Oil Company*, 707 P.2d 1385 (Wyo.1985); and *Mobil Coal Producing, Inc. v. Parks*, 704 P.2d 702 (Wyo.1985)). *See also Lincoln v. Wackenhut Corporation*, 867 P.2d 701 (Wyo.1994).

Loghry contends that the personnel handbook required her to undertake an obligation and a responsibility to protect trade secrets and confidential matters, to prevent them from being disclosed outside of Unicover, and to immediately report any incident to Unicover's director of security. Loghry alleged that an incident came to her attention, that she reported the incident to a Unicover officer, and that she was discharged for having made the very report which she was required to make by the personnel handbook. Loghry also alleged that Unicover did not accomplish the discharge in accordance with its normal disciplinary process.

The issue which we must decide is not whether Loghry's allegations stated a claim of unfairness on Unicover's part but is, rather, whether the disclaimer contained in, or attached to, Unicover's personnel handbook was sufficiently conspicuous. In *Sanchez*, we held that resolution of an issue such as this depends upon the construction of the purported disclaimer, along with the other provisions in the handbook which are in the nature of disclaimers. In final result, we held

that the handbook at issue in *Sanchez* did not contain a conspicuous disclaimer:

The operative language in the disclaimer is not bold lettered; it is buried in introductory paragraphs. It is not designed to attract attention and is stated in language which does not tell the employee what he needs to know. We are reluctant to specify language and the placement of a disclaimer in order that it be effective. Perhaps this could be accomplished in numerous ways. Additionally, the handbook listed misconduct that could result in discharge, thus implying that cause is required. Detailing stages of progressive discipline results in a further implication that cause is required to discharge. Most likely a lawyer would have told appellant that, under her employment arrangement, she could be discharged without cause. An employee should not have to hire a lawyer to learn that.

855 P.2d at 1259 (citation omitted).

■ In addition to receiving a copy of the personnel handbook, Loghry received a separate 8.5″ × 11″ page which contained a disclaimer and which she was required to sign. We reproduce that page as an appendix to this opinion to demonstrate its forthrightness. In addition, the "General Provisions" segment of the personnel handbook, which was prominently placed at the beginning of the Personnel Policies, contained this language:

The provisions set down in writing in this booklet apply to all employees of The Unicover Corporation and its subsidiaries, including full-time, part-time, and temporary employees, as applicable. These policies replace all previous versions of the Unicover Personnel Policies. The contents of this handbook are presented as a matter of information only. The purpose of these policies is to provide general guidance about the personnel procedures, expectations and benefits available at Unicover Corporation. The Company reserves the right to modify, revoke, suspend, terminate, or change any or all of these plans, policies or procedures in whole or in part, at any time, with or without notice.

It is the responsibility of the Company to administer the provisions of this handbook and to make judgements about the policies set forth in this handbook. Discretion is reserved in the Company to interpret the language and intent of any provision and to determine an employee's eligibility for benefits.

The language used in this handbook is not intended to create, nor is it to be construed to constitute, a contract between the Company and any one or all of its employees. You have been hired as an at will employee, and just as you may voluntarily leave at any time, your employment and compensation may be terminated, with or without cause, and with or without notice, at any time by the Company in its sole discretion. There are no promises, express or implied, for continued employment and no one except the Board of Directors of the Company is authorized to waive or to modify these conditions of employment. Where differences exist between the printed edition of this handbook and Company policy, the latter will govern.

Abiding by Company policies is a condition of your employment and failure to do so is sufficient grounds for disciplinary action or for termination of employment. Therefore, you are again reminded that if you have any question about any Company policy or procedure, or you wish to confirm the current Company policy in a particular situation, you should consult with your supervisor, the Vice President of Human Resources or an officer of the Company.

Section 29 of the Personnel Policies, entitled "Disciplinary Warnings," provided:

(a) Disciplinary Warning: Management may, at its discretion, verbally or in writing, discipline any employee for behavior or performance which is unacceptable to the Company's interests or which in any way impedes or fails to advance the operation of the Company. Disciplinary warning is the Company's normal way of providing a second chance for an employee to correct behavior or performance which is unacceptable to the operation of the Company, although instances may occur in which it is not possible to issue such a warning, or where no prior warning is considered appropriate. If an employee's behavior or performance is not corrected following a warning, the employee may be dismissed without further notice.

(b) In order to dismiss an employee, the Company is not required to first give the employee any disciplinary warning, verbal or written, or to otherwise provide any advance notice of the dismissal.

We apply the standards established in *Sanchez*, as well as in the antecedent decisions upon which *Sanchez* was grounded, and hold that the Personnel Policies (1990) contained in the personnel handbook clearly indicated that Loghry had been employed as an "at-will" employee who could have been discharged at any time, without cause, without notice, and without a hearing. While the print in the disclaimer (acknowledgment form) was not in **BOLD FACE TYPE** as was the case in *Lincoln*, it was large and clear and made even more prominent by its size in juxtaposition to the print in the personnel handbook (a 5.5″ × 8″ booklet). The other provisions in the personnel handbook which were in the nature of disclaimers were also clear and intelligible.

Affirmed.

APPENDIX

Unicover Corporation

# Acknowledgement of the Receipt of
# Copy of *Personnel Policies,*
# *1990*

I acknowledge that I have received a copy of the Unicover Corporation *Personnel Policies, 1990.*

I understand that this handbook contains guidance for employees regarding the employment policies and practices of Unicover, but is not intended to contain contractual promises or to constitute a contract of employment between the Company and me or its employees. I recognize that Unicover may change or depart from policies stated in the handbook when it considers this to be in the best interest of the Company, and that no provision of this handbook should be considered a promise which I can rely on to my detriment.

If I have any questions about a particular situation, I understand that I should contact the Human Resources office to determine the Company's position.

**X** _Corey Loghry_
EMPLOYEE SIGNATURE

_Corey Loghry_
(Printed Name of Employee)

_910 Foyer_
(Address)

_ChCheyenne_
(City)

_WY_
(State)

_82001_
(Zip Code)

© Unicover Corporation 1990

Form PER ACK 49