**Corey LOGHRY, Appellant (Plaintiff),**

v.

**UNICOVER CORPORATION,**
**Appellee (Defendant).**

**No. 95–263.**

Supreme Court of Wyoming.

Nov. 26, 1996.

Walter C. Urbigkit of Frontier Law Center, Cheyenne, for appellant.

W. Perry Dray and Brandin Hay of Dray, Madison & Thomson, P.C., Cheyenne, for appellee.

Before TAYLOR, C.J., and THOMAS, MACY, GOLDEN * and LEHMAN, JJ.

GOLDEN, Justice.

Following her discharge, Appellant Corey Loghry brought suit against Appellee Unicover Corporation for breach of her employment contract. In an earlier decision, this Court affirmed the district court's grant of partial summary judgment to Unicover, holding that Unicover's employee handbook did not alter Appellant Corey Loghry's at-will employment status. *Loghry v. Unicover,* 878 P.2d 510 (Wyo.1994). Following that decision, Loghry returned to district court pursu-

* Chief Justice at time of oral argument.

ing claims of promissory estoppel, breach of the covenant of good faith and fair dealing under a tort theory and a related claim for punitive damages. The district court again entered summary judgment in favor of Unicover and Loghry appeals. We affirm.

## ISSUES

Loghry presents these issues for review:

A. Whether the District Court erred in granting Summary Judgment by determining that promissory estoppel could not be available to the employee where a handbook disclaimer exists.

B. Whether the District Court erred in granting Summary Judgment on the Plaintiff's contractual breach of the covenant of good faith and fair dealing claim.

C. Whether the District Court erred in granting Summary Judgment on the tort claim for the breach of the covenant of good faith and fair dealing and the related punitive damage claim.

Unicover restates the issues as:

I. Did Unicover's conspicuous and effective written disclaimers which preserved Loghry's at-will employment relationship with Unicover foreclose Loghry's promissory estoppel claim based upon alleged oral statements made subsequent to her acknowledged receipt of the disclaimers?

II. Is there a genuine issue of material fact that a "special relationship of trust and reliance" existed between Unicover and Loghry such to support a tort claim for breach of an "implied covenant of good faith and fair dealing" under Wyoming Law?

## FACTS

Loghry was an administrative assistant to the director of concept development for Unicover and occasionally worked on creative projects. She developed the Lighthouse Project within the scope of her employment, but before it was marketed a competitor publicized its sale of a similar item. Suspecting that Loghry's supervisor, the director of concept development, had compromised proprietary data to the competitor, corporate officer

Brian Hilt, a vice president of Unicover's sister corporation, launched an investigation. Hilt requested that Loghry turn over her files on the Lighthouse Project which she had at her home. Loghry expressed concern over her participation in the investigation of her supervisor and expressed her fear that she would lose her job if she turned over the files for an investigation targeting her supervisor. Hilt assured Loghry that she would not lose her job if she cooperated. Upon receiving Hilt's representation about her job security, Loghry turned over the files to him. In a meeting that afternoon, Hilt informed other officers of his investigation and of his assurances to Loghry. The next Monday, the president of Unicover, Jim Helzer, was informed of Hilt's actions and of Hilt's assurances to Loghry. Helzer informed Loghry's supervisor of the investigation and the two decided that Loghry's employment should be terminated. Loghry was fired the next morning for a lack of loyalty to her supervisor.

Loghry brought suit and a partial summary judgment was granted to Unicover on the issue of whether she had an implied employment contract. After this Court determined Loghry was an at-will employee and summary judgment should be affirmed on the breach of contract claim, Loghry returned to the district court to pursue claims of promissory estoppel, breach of the covenant of good faith and fair dealing under a tort theory and a related claim of punitive damages. Summary judgment was entered in favor of Unicover and Loghry appeals.

## DISCUSSION

### Standard of Review

Our review of a grant of summary judgment is the same as the district court. The movant has the burden of clearly demonstrating that there are no genuine issues as to any material fact and that it is entitled to judgment as a matter of law. *Meyer v. Mulligan,* 889 P.2d 509, 513 (Wyo.1995). Finding no such factual issues, we must affirm summary judgment for the appellees unless the district court committed an error of law. *Fiscus v. Atlantic Richfield,* 773 P.2d 158, 160 (Wyo.1989).

### Effect of Disclaimers

Loghry contends that Hilt's promise must be construed as a promise of job security upon which she detrimentally relied and which now entitles her to damages under the theory of promissory estoppel. Unicover argues that promissory estoppel cannot apply as an exception to at-will employment when, at her hiring, Loghry signed a disclaimer which effectively causes her reliance on that later promise to be unreasonable. Unicover contends that the express language of its conspicuous and unambiguous disclaimers prevents the application of promissory estoppel in this case. The employment application disclaimer states:

> In consideration of my employment, I agree to conform to the rules and regulations of the Company and that my employment and compensation can be terminated, with or without cause, and with or without notice, at any time, at the option of either the Company or me. I understand that no employee, manager, or other agent of the Company other than the President of the Company, has any authority to enter into any agreement for employment for any specified period of time, or to make any agreement contrary to the foregoing. Any amendment to the foregoing must be in writing and signed by the President.

The employee handbook disclaimer states:

> The language used in this handbook is not intended to create, nor is it to be construed to constitute, a contract between the Company and any one or all of its employees. You have been hired as an at will employee, and just as you may voluntarily leave at any time, your employment and compensation may be terminated, with or without cause, and with or without notice, at any time by the Company in its sole discretion. There are no promises, express or implied, for continued employment, and no one except the Board of Directors of the Company is authorized to waive or modify these conditions of employment.

The district court ruled that it did not need to decide whether promissory estoppel was an exception to the at-will doctrine because

promissory estoppel could not be available to Loghry where the disclaimers effectively defeated the promissory estoppel claim. The district court granted summary judgment to Unicover on this basis. Loghry asserts the district court erred because it is a misstatement of employment law to decide that the at-will doctrine and promissory estoppel are mutually exclusive in this case.

■■■ In Wyoming, employers are not obligated to provide for job security. In the absence of a job security provision, employment of an indefinite duration is presumed to be at-will and either the employee or the employer may terminate it at any time for any or no reason. *Loghry v. Unicover*, 878 P.2d 510, 512 (Wyo.1994). Wyoming has recognized, however, that an employment handbook may imply a contractual term requiring termination for cause. *Id.* Such an implication can be avoided by a conspicuous and unambiguous disclaimer. *Id.* To date, this Court has not recognized promissory estoppel as another exception to the at-will doctrine. *Garcia v. UniWyo Federal Credit Union*, 920 P.2d 642, 647 (Wyo.1996).

■■■ In this case, the application signed by Loghry formed a written, at-will employment contract which eliminated the apparent authority of lower level employees to make promises of job security and which required modification of the contract be in writing by the president of the company. Authorities note that a number of courts have recognized that this type of disclaimer is effective against subsequent oral assurances by unauthorized employees of the employer. 2 HENRY H. PERRITT, JR., EMPLOYEE DISMISSAL LAW AND PRACTICE, § 8.8 at 164–165 (3d ed. 1992 & Supp.1996) (listing cases). The language of the handbook disclaimer clearly and conspicuously informed employees that the manual was not part of their employment contract and that their jobs were terminable at the will of the employer with or without reason. *Chavez v. Manville Products Corp.*, 108 N.M. 643, 777 P.2d 371, 374 (1989). By utilizing these legally effective disclaimers, Unicover did not induce any reasonable expectations of job security and did not give employees any reason to rely on representations of the manual or oral representations of unauthorized employees. *Id.*

■■■ Loghry asserts that an at-will employee can enforce an oral assurance of job security under the theory of promissory estoppel. Wyoming recognizes promissory estoppel as a cause of action in other contexts. In an insurance context, we said, "If an unambiguous promise is made in circumstances calculated to induce reliance, and it does so, the promisee if hurt as a result can recover damages." *Doctors' Co. v. Insurance Corp. of Am.*, 864 P.2d 1018, 1029 (Wyo. 1993) (citations omitted). "The purpose of estoppel is 'to prevent an injury arising from actions or declarations which have been acted on in good faith and which would be inequitable to permit a party to retract.'" *Davis v. Davis*, 855 P.2d 342, 347–48 (Wyo.1993) (quoting *Jankovsky v. Halladay Motors*, 482 P.2d 129, 132 (Wyo.1971)). Promissory estoppel claims must show a clear and definite agreement; proof that the party urging the doctrine acted to its detriment in reasonable reliance on the agreement; and the equities support the enforcement of the agreement. *Michie v. Bd. of Trustees of Carbon County School Dist. No. 1*, 847 P.2d 1006, 1009 (Wyo. 1993).

■■■ Loghry contends Hilt's promise induced her to change her working relationship and jeopardize her job security and as a result she was unjustly terminated in retaliation for her cooperation in the investigation. Promissory estoppel requires that the promise induce action or forbearance of a definite and substantial character. As an at-will employee, any change of position by Loghry was too insubstantial to amount to reliant conduct. At best, these allegations amount to a claim that Unicover acted with a bad motive. Wyoming recognizes that the bad motives of an employer may be actionable under limited circumstances, particularly for at-will employees. *Wilder v. Cody Country Chamber of Commerce*, 868 P.2d 211, 221 (Wyo.1994). Those allegations of bad motives meeting the legal requirements are actionable under a claim styled as a breach of the covenant of implied good faith and fair dealing. As Loghry pleaded a tort claim for that cause of action, the equities require that Loghry sus-

tain her claim under it, rather than under this element of promissory estoppel.

▮▮▮▮ Even if we were to accept that at-will employment permits application of promissory estoppel and were to further accept that Loghry meets her factual burden on the first two elements of the doctrine, the authorities indicate that the third element requires judicial consideration of what injustice or hardship a promisee will suffer if the promise is not enforced. *Michie,* 847 P.2d at 1009; *Inter–Mountain Threading, Inc. v. Baker Hughes Tubular Services, Inc.,* 812 P.2d 555, 560 (Wyo.1991); Benjamin F. Boyer, *Promissory Estoppel: Requirements and Limitations of the Doctrine,* 98 U.PA.L.REV. 459, 485 (1950). There is no set criteria as to demonstrating the injustice element; however, generally, a court should at least consider what the promisee's cost of reliance was and whether any other remedy is available to her. *Id.* Loghry concedes that Hilt's promise that she would not be fired for cooperating in his investigation did not change her status as an at-will employee. Since she could be fired immediately for any reason or no reason, it is impossible to calculate her damages, a necessary part of establishing her promissory estoppel claim. *Jarboe v. Landmark Community Newspapers,* 644 N.E.2d 118, 122 (Ind. 1994). Under the standard that a promise is binding if injustice can only be avoided by enforcement of the promise, Loghry does not demonstrate the requisite harm.

▮▮▮▮ As the preceding analysis demonstrates, application of promissory estoppel in the at-will employment context is not a straightforward proposition. This Court's employment law jurisprudence upholds conspicuous, unambiguous disclaimers by employers as fair notice to employees of what can be expected from the employer. In order to remain consistent, it is our view that resolution of Loghry's promissory estoppel claim requires that we give effect to the disclaimers instead of deciding under our equitable powers. By its use of disclaimers, Unicover clearly intended to protect itself from claims based upon oral representations made to employees concerning job security, and Unicover is entitled to our judgment that the disclaimer provisions are enforceable even against a promissory estoppel claim. *Chavez,* 777 P.2d at 374; *see Hatfield v. Bd. of County Commissioners,* 52 F.3d 858 (10th Cir.1995) (applying Wyoming law). The *Chavez* decision aptly states our basis:

> Promissory estoppel requires the party invoking the doctrine to have acted reasonably in justifiable reliance on the promise that was made.... [I]t was unreasonable for [Loghry] to change [her] position in reliance on oral representations contrary to an express term of an employment contract which provided that their agreement could only be modified in writing [by the President]. Were we to reach a different conclusion, we believe in effect we would be rewriting the terms of the parties' contract, and this we decline to do.

*Chavez,* 777 P.2d at 374 (citations omitted). There "can be no estoppel as a matter of law when the asserted reliance is not justifiable or reasonable under the circumstances of the case considered as a whole." *Davis,* 855 P.2d at 348; *Roth v. First Sec. Bank,* 684 P.2d 93, 97 (Wyo.1984). The disclaimer that Loghry signed conspicuously and unambiguously stated that only the president had authority to alter the terms of her employment. By signing such a disclaimer, Loghry signified that she was fully informed that another officer, supervisor, or employee could not secure her position even in an extraordinary situation such as this one. Since this disclaimer informed Loghry that her employment could be terminated for any reason, even an unfair one, and since it informed her that no subsequent, unauthorized statement could alter this, she could not then reasonably rely on Hilt's assurance as a matter of law. Promissory estoppel is not available to Loghry because of the specific disclaimer language.

*Contractual Breach of the Covenant of Good Faith and Fair Dealing*

▮▮▮▮ On appeal, Loghry challenges the grant of summary judgment to Unicover on her claim of breach of the covenant of good faith and fair dealing. She contends that she asserted the claim under both contract and tort theories. Wyoming does not recognize a cause of action for breach of the covenant of

good faith and fair dealing under a contract theory. *Hatfield v. Rochelle Coal Co.,* 813 P.2d 1308, 1310 (Wyo.1991); *Leithead v. American Colloid Co.,* 721 P.2d 1059, 1064 (Wyo.1986). However, in *Wilder v. Cody Country Chamber of Commerce,* 868 P.2d 211 (Wyo.1994), this Court held that recovery of damages is permitted for tortious conduct which arises out of a contractual relationship of employment. *Wilder,* 868 P.2d at 221. Unicover contends that Loghry's argument on this issue is presented for the first time in this appeal since she pleaded only a tort claim for breach of an implied contract of good faith and fair dealing. The record supports Unicover's assertion and this issue will not be considered. *Squaw Mountain Cattle Co. v. Bowen,* 804 P.2d 1292, 1296 (Wyo. 1991).

*Tort Claim for Breach of the Covenant of Good Faith and Fair Dealing and the Related Punitive Damage Claim.*

 The hiring of an employee by an employer occurs by contract. *Wilder,* 868 P.2d at 216. All contracts of employment contain an implied covenant of good faith and fair dealing. *Id.* at 220. As noted earlier, Wyoming recognizes a limited tort claim for breach of an implied covenant of good faith and fair dealing in employment contracts. *Wilder,* 868 P.2d at 221. When a special relationship of trust and reliance is demonstrated to exist between the employee and the employer, a breach of the duty of good faith and fair dealing is actionable. *Wilder,* 868 P.2d at 222. Only in rare and exceptional cases will a duty be created giving rise to tort liability. *Wilder,* 868 P.2d at 221. Trust and reliance may be found by the existence of separate consideration, common law, statutory rights, or rights accruing with longevity of service. *Wilder,* 868 P.2d at 221. Loghry contends that the special relationship exists in her case by virtue of separate consideration given when she turned over the files to Hilt and did not inform her supervisor that the supervisor was the object of an investigation.

 A generally accepted definition of consideration is that a legal detriment has been bargained for and exchanged for a promise. *Moorcroft State Bank v. Morel,* 701 P.2d 1159, 1161–62 (Wyo.1985). Detriment means giving up something which immediately prior thereto the promisee was privileged to keep. *Id.* at 1162. Loghry's assertion that she acted when she did not have to does not constitute valid consideration since there is no dispute that she was required to turn over company documents at the request of a company officer. She does not contend that she gave up an obligation to inform her supervisor of Hilt's request. Without a demonstration of legal detriment, Loghry does not establish the existence of separate consideration. *Id.* The failure to establish this existence is fatal to her tort claim for breach of the implied covenant of good faith and fair dealing.

## CONCLUSION

 Promissory estoppel is not available as a cause of action when an employment contract disclaimer makes reliance on an oral assurance unreasonable. Summary judgment was also proper for the tort claim of the breach of an implied covenant of good faith and fair dealing since, as a matter of law, Loghry's asserted separate consideration was not legally cognizable. Loghry failed to properly plead her contractual claim for breach of an implied covenant of good faith and fair dealing and it was not considered in this appeal. The order granting summary judgment to Unicover on all issues is affirmed.