Anne L. COWARDIN and George Bach, Appellants (Plaintiffs),

v.

James L. FINNERTY and Judy L. Finnerty, Appellees (Defendants).

No. 98–292.

Supreme Court of Wyoming.

Dec. 28, 1999.

Representing Appellants: Jo Ann Fulton of Fulton Law Office, Laramie, WY.

Representing Appellees: Mason F. Skiles and Joseph A. Rodriguez of Skiles & Rodriguez, Laramie, WY.

Before LEHMAN, C.J., and THOMAS, MACY, GOLDEN, and HILL, JJ.

LEHMAN, Chief Justice.

Appellants Anne L. Cowardin and George Bach (Purchasers) appeal the district court's order denying their motion for attorney fees and rejecting their claim for breach of the implied covenant of good faith and fair dealing. We find the district court properly denied Purchasers' motion for attorney fees and affirm that portion of the judgment. We also find the district court properly dismissed the claim for breach of the implied covenant, and we affirm that portion of the judgment, although on different grounds. We find, however, that the district court erred in awarding Sellers attorney fees as costs under the purchase agreement and reverse that portion of the judgment.

### ISSUES

Appellants raise two issues for review:

I. Whether the district court erred in denying Purchasers' motion for attorney fees; and

II. Whether the district court applied the correct standard of review in dismissing the claim for breach of the implied covenant of good faith and fair dealing.

### FACTS

On September 2, 1995, Purchasers entered into an agreement to lease from Sellers a bed and breakfast located in Laramie. Pursuant to the terms of the lease agreement, Purchasers took possession of the premises immediately. The lease agreement was for a term of one year with automatic renewal for additional one-year terms or expiration upon purchase of the premises by Purchasers.

Three weeks after the lease agreement was signed, on September 22, 1995, Purchasers entered into an agreement to buy the bed and breakfast. The agreed purchase price for the property was $200,000, and Purchasers provided an earnest money payment of $5,000. The purchase agreement provided that it was contingent upon Purchasers obtaining financing from Key Bank of Laramie prior to closing. The agreement also provided, in the event Purchasers were unable to obtain financing, "the earnest money less

costs incurred by Sellers shall be refunded to Purchaser."

On October 24, 1995, Key Bank of Laramie denied Purchasers' application for financing. Purchasers notified Sellers they were unable to obtain financing, terminated the purchase agreement, vacated the premises, and requested a refund of the $5,000 earnest money payment. Sellers denied the request, claiming costs in excess of $5,000 associated with damage sustained during Purchasers' possession of the property and for legal fees incurred in preparation of the purchase documents.

Purchasers filed a Complaint on September 27, 1996, claiming that Sellers breached the purchase agreement and the implied covenant of good faith and fair dealing in refusing to refund the earnest money payment. Purchasers sought damages in the amount of $5,000 for breach of contract and a minimum of $1,000 for breach of the implied covenant. Purchasers also sought to recover their costs and attorney fees incurred in enforcing the purchase agreement.

On May 26, 1998, after a bench trial, the district court issued a decision letter finding that Purchasers were entitled to the return of the $5,000 earnest money payment less costs in the amount of $690 for legal fees incurred by Sellers in preparation of the purchase documents. The court also determined that Purchasers' claims for breach of the implied covenant and attorney fees should be denied.

With respect to the issue of attorney fees, the court cited the applicable rule that, absent statutory authorization or contractual provision, each party is normally responsible for his or her own attorney fees. Finding no such statutory authority or contractual provision in this case, the court denied Purchasers' request for attorney fees.

As for Purchasers' claim for breach of the implied covenant of good faith and fair dealing, the court applied the standards set forth in *McCullough v. Golden Rule Ins. Co.*, 789 P.2d 855 (Wyo.1990) and *Darlow v. Farmers Ins. Exch.*, 822 P.2d 820 (Wyo.1991) and held that Sellers' refusal to repay the earnest money was "fairly debatable" given their

claim for costs. On that basis, the court dismissed the claim for breach of the implied covenant. Findings of Fact, Conclusions of Law and Judgment incorporating the decision letter were signed by the district court on June 16, 1998. Purchasers then filed a Motion for Award of Attorney's Fees and Costs on June 30, 1998. The district court entered an order on September 4, 1998, awarding costs but declining to reconsider its prior ruling on Purchasers' motion for attorney fees. This appeal followed.

### STANDARD OF REVIEW

■■■ We review district court determinations concerning attorney fees under an abuse of discretion standard. *Johnston v. Stephenson*, 938 P.2d 861, 862 (Wyo.1997). A court abuses its discretion only when it acts in a manner which exceeds the bounds of reason. *Goff v. Goff*, 844 P.2d 1087, 1092 (Wyo.1993). The burden is placed on the party attacking the district court's ruling to establish an abuse of discretion, and the ultimate issue is whether the court could reasonably conclude as it did. *Id.*

■■ With respect to Purchasers' second issue, *i.e.*, whether the district court applied the proper standard to the claim for breach of the implied covenant, we review a district court's conclusions of law de novo. *Springer v. Blue Cross and Blue Shield of Wyoming*, 944 P.2d 1173, 1175 (Wyo.1997).

### DISCUSSION

#### Attorney Fees

As the district court stated in its decision letter, we have previously addressed the issue of when parties are entitled to recover attorney fees. In *Hamilton v. Town of Greybull*, 942 P.2d 410, 411 (Wyo.1997), we stated:

Wyoming follows the American rule that each party is normally responsible for his or her own attorney fees. There are two exceptions to this rule: when there is an express statutory authorization or a contractual provision that allows for an award of attorney fees to a party. We have denied attorney fees where neither exception is applicable.

(Quoting *Snodgrass v. Rissler & McMurry Co.*, 903 P.2d 1015, 1017 (Wyo.1995) (citations omitted).) *See also McLain v. Anderson*, 933 P.2d 468, 472 (Wyo.1997).

■ Purchasers argue that this case falls within the contractual provision exception to the American rule. Purchasers point to the following paragraph of the purchase agreement in support of their argument:

13. Time is of the essence hereof, and if any payment or any other condition hereof is not made, tendered, performed by either the Sellers or Purchaser as herein provided, then this Contract, at the option of the party who is not in default or breach, may at the party's option be terminated by such party, in which case the non-defaulting party *may recover such damages as may be proper* or such party may require specific performance of the other herein.

(Emphasis added.) Purchasers argue that this provision allows them to recover the damages they suffered as a result of Sellers' breach. The damages they suffered, Purchasers argue, are the attorney fees they incurred in enforcing the earnest money provision of the purchase agreement.

We have said that "[i]n order to recover attorney's fees under a contract, the agreement must unequivocally provide for such recovery." *Coulter v. City of Rawlins*, 662 P.2d 888, 904 (Wyo.1983). Thus, in *Coulter*, we overturned an award of attorney fees where the plain language of the contract contained no reference to attorney fees. We said, "[i]f the parties had intended attorney's fees to be paid ... they should have said so." *Id.* Likewise, in this case, if the parties intended attorney fees to be recoverable, they should have expressly said so in their agreement. The purchase agreement contains no language concerning attorney fees. Absent any such language, Purchasers' request for attorney fees was properly denied.

■ Having concluded that Purchasers were not entitled to attorney fees under the purchase agreement, we likewise must conclude that Sellers were not entitled to attorney fees. Paragraph 2 of the purchase agreement provides that if Purchasers were unable to obtain financing, the earnest money less "costs incurred by Sellers" shall be refunded. Neither this paragraph nor any other provision of the purchase agreement provides for recovery of attorney fees. Given the absence of any reference to attorney fees in the purchase agreement, Sellers were not entitled to recover attorney fees. The district court's ruling allowing Sellers to recover attorney fees as costs under paragraph 2 of the contract is inconsistent with the rule we have adopted that, absent statutory or contract language expressly authorizing recovery of attorney fees, parties are responsible for payment of their own attorney fees. Therefore, the district court's order allowing Sellers to recover legal fees in the amount of $690.00 is reversed.

### The Implied Covenant of Good Faith and Fair Dealing

We now turn to the question whether the district court applied the proper standard in reviewing Purchasers' claim for breach of the implied covenant of good faith and fair dealing. Purchasers argue that the district court applied an incorrect standard of review when it applied the standard set forth in *McCullough v. Golden Rule Ins. Co.*, 789 P.2d 855 (Wyo.1990) and other insurance bad faith cases. In the alternative, Purchasers argue that, even assuming the district court applied the correct standard, the evidence does not support the district court's finding that Sellers' refusal to refund the earnest money was fairly debatable. We find that the district court was correct in dismissing the claim, but base our determination on different grounds. Therefore, we do not reach the issues raised by Purchasers.

In Wyoming, we have recognized that breach by a contracting party of an independent duty which arises out of the contractual relationship may give rise to an action in tort for breach of the implied covenant of good faith and fair dealing. We have recognized the cause of action in the context of insurance contracts, *McCullough*, 789 P.2d 855, and we have recognized the cause of action in the context of employment contracts. *Wilder v. Cody Country Chamber of Commerce*, 868 P.2d 211 (Wyo.1994). We have expressly declined to extend the cause of action for

breach of the implied covenant to allow recovery in tort for consequential damages resulting from the failure to pay sums due under a construction contract. *JBC of Wyoming Corp. v. City of Cheyenne*, 843 P.2d 1190 (Wyo.1992). We have said "[f]ailure to pay sums due under a contract ... is clearly *ex contractu* rather than *ex delicto." Id.* at 1197.

Purchasers' claim for breach of the implied covenant arises from Sellers' refusal to refund the earnest money as provided in the purchase agreement. It arises, in other words, from Sellers' failure to pay sums due under the contract. It is, therefore, clearly *ex contractu* (from the contract) rather than *ex delicto* (from a tort). *See Loghry v. Unicover Corp.*, 927 P.2d 706 (Wyo.1996). Under these circumstances, dismissal of Purchasers' claim for breach of the implied covenant of good faith and fair dealing was proper. As stated in *Loghry,* "Wyoming does not recognize a cause of action for breach of the covenant of good faith and fair dealing under a contract theory." 927 P.2d at 711–12.

## CONCLUSION

The district court properly dismissed Purchasers' claim for breach of the implied covenant of good faith and fair dealing and denied Purchasers' request for payment of attorney fees. However, the district court improperly awarded Sellers legal fees as costs under the contract. We, therefore, reverse that portion of the judgment awarding Sellers legal fees.

Affirmed in part and reversed in part.