1 P.3d 631 (2000)
George A. DUBROWSKI, Appellant (Plaintiff),
v.
STATE of Wyoming, ex rel., WYOMING LIQUOR COMMISSION, Jim Geringer, Stan Smith, Diana Ohman, Dave Ferrari, Judy Catchpole and Johnnie Burton, in their official capacities as members or employees of the Wyoming Liquor Commission; and in their individual capacities, Appellees (Defendants).
No. 98-212.
Supreme Court of Wyoming.
March 23, 2000.
Representing Appellant: Mitchell E. Osborn of Grant & Osborn, Cheyenne, WY. Argument by Mr. Osborn.
Representing Appellees: Richard Rideout of Law Offices of Richard Rideout, PC, Cheyenne, WY. Argument by Mr. Rideout.
Before LEHMAN, C.J., and THOMAS, MACY, and GOLDEN, JJ., and ROGERS, D.J.
LEHMAN, Chief Justice.
The Wyoming Liquor Commission (WLC) terminated, via a reduction in force, George Dubrowski from the position of Deputy Director of the WLC. After a review, the Personnel Review Board of the State of Wyoming (PRB) ruled that Dubrowski's termination was invalid and improper. However, by the time the PRB issued its ruling, the legislature had reorganized the WLC and eliminated the position of Deputy Director. Dubrowski filed this action against the WLC *632 and various state officials claiming, inter alia, breach of contract and breach of the covenant of good faith and fair dealing. The trial court granted summary judgment in favor of the appellees on all claims, which we affirm.

ISSUES
George Dubrowski (Dubrowski) presents the following issues for review:
1. Was there a material question of fact as to whether or not a "special relationship" existed between appellant and his employer, appellee, under Wilder v. Cody Country Chamber of Commerce, 868 P.2d 211 (Wyo.1994).
2. Did the lower court err in granting Summary Judgment against Plaintiff on his claim of breach of contract.
Appellees (collectively the State) restate the issues:
1. Whether the district court erred in granting the Appellees' Motion For Summary Judgment on the Appellant's claim for breach of the duty of "good faith and fair dealing."
2. Whether the district court erred in granting the Appellees' Motion For Summary Judgment on the Appellant's breach of contract claim.

FACTS
Dubrowski was employed by the Wyoming Liquor Commission (WLC) as its Deputy/Assistant Director commencing in May of 1990. In June of 1995, the director of the WLC terminated Dubrowski's employment. The following day, however, the WLC Board rescinded the termination for lack of good cause. The same month, Governor Jim Geringer appointed Johnnie Burton (Burton), the Director of the Department of Revenue, to act as Interim Director of the WLC, and the WLC Board instructed Burton to investigate and evaluate the operation and structure of the WLC with an eye toward reorganization. At the time, the WLC operated as an independent state agency, run by five elected officials acting as the WLC Board, including the governor who served as the president of the WLC Board.
Following an evaluation, Burton determined that Dubrowski's position of deputy director was unnecessary. Burton notified Dubrowski that, as of July 28, 1995, he would be terminated as part of a reduction in force. Shortly thereafter, Dubrowski sought review of his termination with the Personnel Review Board of the State of Wyoming (PRB).
In October of 1995, while Dubrowski's petition for review was pending before the PRB, Burton presented her conclusions and recommendations to the WLC Board. Included was a suggestion to eliminate the director and deputy director positions. The WLC Board approved the recommendations, and the following March, the Legislature reorganized the WLC, placing it within the Department of Revenue. Wyo. Stat. Ann. § 12-2-106(a) (Lexis 1999). This reorganization included the elimination of the position of deputy director effective March 19, 1996. A new position was created entitled Division Administrator, which was to be filled by gubernatorial appointment.
In the meantime, the PRB review process continued. After conducting an evidentiary hearing in May of 1996, the PRB issued its decision two months later. Finding the WLC and Burton failed to follow the State of Wyoming Personnel Rules governing reductions in force, the PRB concluded that Dubrowski's termination was improper and invalid. Therefore, the PRB "reversed" Dubrowski's termination. On November 22, 1996, the State issued a warrant in the amount of $25,517.27 payable to Dubrowski, which the State avers fully compensated Dubrowski for the salary and benefits accrued from the date of his termination, July 28, 1995, until March 19, 1996, the date the Legislature eliminated the position of deputy director.
Dubrowski filed this action against the WLC and various state officials claiming breach of contract, breach of the covenant of good faith and fair dealing, and defamations.[1] The defendants (collectively the State) moved for summary judgment on all claims, which *633 the district court granted. This appeal followed.

STANDARD OF REVIEW
We accord no deference to the district court in our review of summary judgment. Archuleta v. City of Rawlins, 942 P.2d 404, 406 (Wyo.1997). "Because we review a grant of summary judgment from the same perspective as the district court using the same factual materials and the same standards, a summary judgment may be affirmed on any legal ground appearing in the record." Harbel v. Wintermute, 883 P.2d 359, 362 (Wyo.1994). Summary judgment is proper only when no genuine issues of material fact exist and the prevailing party is entitled to judgment as a matter of law. Andrews v. Southwest Wyoming Rehabilitation Center, 974 P.2d 948, 949 (Wyo.1999).

DISCUSSION

Covenant of Good Faith and Fair Dealing
Wyoming recognizes a limited tort claim for breach of the covenant of good faith and fair dealing. Andrews, 974 P.2d at 949-50. In Wilder v. Cody Country Chamber of Commerce, 868 P.2d 211, 220 (Wyo.1994), we held that all contracts of employment contain an implied covenant of good faith and fair dealing. A breach of this covenant is actionable when a special relationship of trust and reliance exists between the `employer and employee. Id. at 221; Loghry v. Unicover Corp., 927 P.2d 706, 712 (Wyo.1996). "Trust and reliance may be found by the existence of separate consideration, common law, statutory rights, or rights accruing with longevity of service." Wilder, 868 P.2d at 221; Loghry, 927 P.2d at 712. The existence of a special relationship is a question of fact and is to be decided by the trier of fact unless reasonable minds could not differ. Jewell v. North Big Horn Hosp. Dist., 953 P.2d 135, 139 (Wyo.1998). Since Wilder, in only one case, Jewell, did we conclude that the employee had presented evidence sufficient to preclude summary judgment based on this cause of action. Id.
Comparing Dubrowski's case with Jewell and other like cases, it is clear that reasonable minds could not differ and that a special relationship does not exist. Although we have never determined exactly what length of service is sufficient to establish a special relationship, in Wilder, we found Wilder's three years of service was insufficient to establish a special relationship. 868 P.2d at 222. While the special relationship is not subject to simple quantitative analysis, Dubrowski's claim of longevity as a five-year employee is dubious. See Sears v. Amoco Production Co., 967 F.Supp. 1222, 1230-31 (D.Wyo.1997) (seventeen years of employment, by itself or in combination with other contentions, insufficient to create special relationship); but see Henry H. Perritt, Jr., Implied Covenant: Anachronism or Augur? 20 Seton Hall L.Rev. 683, 704 (1990) ("while five years appears to be sufficient, it is not clear what qualifies as long service.")
Even assuming that Dubrowski's length of service is sufficient to establish a special relationship, his claim cannot stand on this fact alone.
Usually, the special relationship giving employees an action on the implied covenant of good faith and fair dealing stems from a long term employment relationship coupled with a discharge calculated to avoid employer responsibilities to the employee, e.g., benefits or commissions. The duration of an employment relationship over a period of years is not sufficient, alone, to give rise to a special relationship.
Garcia v. UniWyo Federal Credit Union, 920 P.2d 642, 646 (Wyo.1996) (citations omitted).
To support his claim, Dubrowski contends he was terminated in order to deprive him of his right not to be discharged without cause under the state personnel rules. In addition, he claims that he was discharged in order to avoid payment of additional retirement benefits, past and future lost wages, and other fringe benefits including sick leave, as well as medical insurance. Dubrowski does not assert that he was terminated to avoid payment of commissions or benefits already earned, or to avoid payment of benefits scheduled to vest or arise in the near future. Worley v. Wyoming Bottling Co. Inc., 1 P.3d 615, 626-627, *634 (Wyo.2000). The benefits recited by Dubrowski are the normal benefits that accrue to a state employee, and none of the evils this cause of action was meant to remedy is present. Most importantly, we do not perceive the States' action in this instance to constitute "conduct [that] goes well beyond the bounds of ordinary liability for breach of contract." Id. at 626 (quoting K Mart Corp. v. Ponsock, 103 Nev. 39, 732 P.2d 1364, 1370 (1987)).
Because we base our decision on the merits of Dubrowski's claim, we need not determine if the State is immune from suit premised on this cause of action. Summary judgment on this cause of action is affirmed.

Breach of Contract
The State agrees that it was bound by the PRB's decision and that Dubrowski's termination via the reduction in force was improper. The parties disagree, however, about whether Dubrowski has been sufficiently compensated for the wrongful termination. The State argues that payment of Dubrowski's salary and benefits for the period between his July 28, 1995 termination and the March 19, 1996 elimination of his position constitutes full compensation. We agree.
The legislature eliminated Dubrowski's position during reorganization of the WLC. Thus, after March 19, 1996, Dubrowski had no claim to employment with the State. His cause of action after that date, if any, would lie against the legislature for eliminating his position, which the doctrine of legislative immunity would govern. See Pickle v. Board of County Comm'rs of County of Platte, 764 P.2d 262, 266 (Wyo.1988); Oroz v. Board of County Comm'rs of Carbon County, 575 P.2d 1155, 1158 (Wyo.1978). Therefore, because Dubrowski can claim no contract rights for the period after March 19, 1996, the only question is whether he was adequately compensated for the period from his improper termination on July 28, 1995, until the time his position was eliminated.
Included in the record is a copy of a warrant issued by the State payable to Dubrowski in the amount of $25,517.27, which the State argues fully compensated Dubrowski for his salary between the date he was improperly terminated and the date his position was eliminated by the legislature.[2] While it is difficult to tell from the face of the warrant precisely what the payment was intended to cover, Dubrowski, in a pretrial memorandum, asserted that the State paid his salary for this time period. Despite this, Dubrowski "does not concede" the amount was adequate compensation. However,
[t]he measure of damages for breach of contract is that which would place plaintiff in the same position as he would have been had the contract been performed, less proper deductions. In a suit for breach of an employment contract, then, the damages are the amount of compensation agreed upon for the remainder of the period involved less the amount which the employee earned or with reasonable diligence could have earned from other employment.
Panhandle Eastern Pipe Line Co. v. Smith, 637 P.2d 1020, 1025 (Wyo.1981) (citations omitted). Dubrowski provides no explanation of how full payment of his salary and benefits does not remedy his damages. Applying the foregoing standard, Dubrowski has been paid his damages, and summary judgment was therefore appropriate.
The decision of the district court is affirmed.
NOTES
[1] Dubrowski does not pursue the defamation claim on appeal.
[2] The State did not plead accord and satisfaction as an affirmative defense. W.R.C.P. 8(c); Wyo. Stat. Ann. § 34.1-3-311 (Lexis 1999).