Roy HONORABLE, Appellant (Plaintiff),

v.

AMERICAN WYOTT CORPORATION, Appellee (Defendant).

No. 00–21.

Supreme Court of Wyoming.

Oct. 3, 2000.

Representing Appellant: Bernard Q. Phelan of Phelan–Watson Law Office, Cheyenne, Wyoming.

Representing Appellee: Bruce S. Asay of Associated Legal Group, Cheyenne, Wyoming.

Before LEHMAN, C.J., and THOMAS, GOLDEN, HILL, and KITE, JJ.

· GOLDEN, Justice.

In this case a terminated "at-will" employee appeals the district court's summary judgment order entered in the employer's favor in the employee's wrongful dismissal action based upon a promissory estoppel theory. We are asked to decide whether concededly legally sufficient disclaimer language contained in an acknowledgement form signed by the employee when he received an employee handbook prevents later oral representations of job security made to the employee and a medical leave provision in the employee handbook from attaining "promise" status. We hold that it does, and we affirm.

The discharged employee has stated two versions of the single issue presented:

Is promissory estoppel applicable in a wrongful discharge action where an "at-will" employee, relying on a clearly written policy promising authorized unpaid medical leave, is terminated for job abandonment because he justifiably utilized the policy?

*Or:*

Does an "at-will" disclaimer preclude recovery under the doctrine of promissory estoppel where an employee takes authorized leave and is then terminated for job abandonment?

The employer has responded with this statement of the issues:

1) Did the trial court correctly rule that the appellant did not establish a cause of action for promissory estoppel?

2) Did the trial court abuse its discretion by granting the appellant's motion for leave to amend his complaint with a claim of promissory estoppel? [1]

We state the facts in the light most favorable to Honorable. The employer, American Wyott Corporation, is a food service equipment company. It hired Honorable on or about January 23, 1996, at which time it gave him its employee handbook and an employee acknowledgement form which he read and signed. The form acknowledges his receipt of the employee handbook and also contains these pertinent provisions:

I UNDERSTAND THAT THE EMPLOYEE HANDBOOK IS A GENERAL GUIDE ONLY AND THAT THE PROVISIONS OF THIS MANUAL DO NOT CONSTITUTE AN EMPLOYMENT CONTRACT OR ALTER MY STATUS AS AN "AT–WILL" EMPLOYEE, NOR DO SUCH PROVISIONS ESTABLISH ENFORCEABLE POLICIES OR PROCEDURES.

I UNDERSTAND THAT NO SUPERVISOR OR MANAGER HAS THE AUTHORITY TO MAKE ORAL PROMISES OR CONTRACTS WITH REGARD TO MY EMPLOYMENT OR THE COMPANY'S POLICIES OR PROCEDURES AND THAT I SHOULD NOT RELY UPON ANY REPRESENTATIONS CONCERNING MY EMPLOYMENT STATUS UNLESS MADE IN WRITING AND SIGNED BY ONE OF THE PRINCIPALS, VICE PRESIDENT OF FINANCE, OR PERSONNEL.

I FURTHER UNDERSTAND THAT THE COMPANY RESERVES THE RIGHT TO UNILATERALLY RETRACT, REVOKE, OR CHANGE THE PROVISIONS OF THIS HANDBOOK AT ANY TIME.

---

1. The employer did not file a notice of appeal on this separate issue; therefore, we do not have jurisdiction to consider it. Because of our decision on the single issue presented, however, the absence of jurisdiction on this separate issue is of no consequence.

The employee handbook contains various provisions relating to working conditions, employee benefits, and employment policies, one of which concerns medical leave. It reads:

Medical Leave includes some period of disability during which the employee is unable to work. Employees who request leave for medical reasons may use accrued vacation to cover part of their absence from work. When this type of leave is exhausted, employees are initially entitled to unpaid Medical Leave of up to 90 days, with possible extensions upon Management approval for up to one year. Periods of unpaid Medical Leave will be considered time worked for seniority and benefit-entitlement purposes. Every effort will be made to place employees returning from Medical Leave in the same or equivalent job position depending on the availability of such positions. If no such position is available at the time the employee desires to return to work then leave will be extended until such time as a suitable position is available. Pregnancy will be treated in the same manner as any other illness or disability.

At some point in the summer of 1996, a doctor tentatively diagnosed Honorable as having tuberculosis. Honorable provided his employer's Director of Human Resources with a written document from his doctor indicating that Honorable needed to be absent from work pending a determination whether the tuberculosis was contagious. According to Honorable, the Director of Human Resources told him that his "need to take off work" was acceptable to his employer. According to Honorable, "it had always been made clear by people at [the company] that since it was necessary for me to be off work due to my diagnosis that such was acceptable to [the company], not a cause for my termination, and I would return to work." Moreover, Honorable states he took unpaid medical leave "with the implied promise made by those that [sic] I dealt with that upon release by my physician that I could return. . . ." Honorable's doctor determined that Honorable did not have contagious tuberculosis; Honorable returned to work with his doctor's written release to work. The Director of Human Resources informed Honorable, however, that his position had been filled and Honorable terminated under a "no call no show" determination.

■ Relying on the doctrine of promissory estoppel[2] to support his claim of wrongful dismissal, Honorable contends that the medical leave provision in the employee handbook and the oral representations of the Director of Human Resources that Honorable could take unpaid medical leave under that provision and return to his job constitute "promises" upon which he reasonably relied. Although Honorable acknowledges that his legal position is tenuous in light of this Court's precedent, he declares "this case is a direct effort to invoke the doctrine of promissory estoppel in circumstances where a formalistic contractual analysis defeats the plaintiff's claim — but results in an injustice."

■ Under the employment-at-will rule in Wyoming, "an employer may dismiss an at-will employee at any time for a good reason, a bad reason, or for no reason at all." 1 Henry H. Perritt, Jr., *Employee Dismissal Law and Practice* § 1.1 at 3 n. 1 (4th ed.1998); and *see Boone v. Frontier Refining, Inc.*, 987 P.2d 681, 685 (Wyo.1999), and *Rompf v. John Q. Hammons Hotels, Inc.*, 685 P.2d 25, 27 (Wyo.1984). This Court has acknowledged, however, that oral representations or employment handbook provisions concerning job security directed to employees may modify the "at-will" rule. *See Davis v. Wyoming Medical Center, Inc.*, 934 P.2d 1246, 1249–50 (Wyo.1997); *Loghry v. Unicover Corp.*, 927 P.2d 706, 710 (Wyo.1996). But, we have consistently held that such modification may be avoided by a conspicuous and unambiguous disclaimer. *Bouwens v. Cen-*

---

2. The elements of that doctrine are captured in Restatement (Second) of Contracts § 90(1) (1981), which states:

A promise which the promisor should reasonable expect to induce action or forbearance on the part of the promisee or a third person and which does induce such action or forbear-

ance is binding if injustice can be avoided only by enforcement of the promise. The remedy granted for breach may be limited as justice requires.
*See Loghry v. Unicover Corp.*, 927 P.2d 706, 710 (Wyo.1996); *Hanna State & Savings Bank v. Matson*, 53 Wyo. 1, 16, 77 P.2d 621, 625 (1938).

*trilift,* 974 P.2d 941 (Wyo.1999); *Loghry,* 927 P.2d at 710.

Honorable does not challenge the district court's decision that the disclaimer language placed by his employer in the employee acknowledgement form is conspicuous and unambiguous and, therefore, legally sufficient to prevent modification of his "at-will" employment status. As pertinent to the significant facts in this case, that language told the employee that (1) only signed written representations about his "at-will" status made "by one of the principals, vice president of finance, or personnel" would constitute a promise on which the employee could rely; and (2) the employee handbook provisions (such as the medical leave provision) neither constitute a contract, nor alter the employee's at-will status, nor establish an enforceable policy. We conclude that Honorable's valiant argument fails to present any factual or legal justification for departing from our strong precedent. Following our precedent, as we must, we hold that the employer's disclaimer language prevented any oral representations made to Honorable and the medical leave provision in the employee handbook from being promises for the purpose of invoking the doctrine of promissory estoppel. "Consequently, the first necessary element of the promissory estoppel doctrine is missing." *Bouwens,* 974 P.2d at 947.

This Court affirms the summary judgment entered below.