2005 WY 41

Thomas E. FINCH, Appellant (Plaintiff),

v.

FARMERS CO–OP OIL COMPANY OF SHERIDAN, Wyoming, Appellee (Defendant).

No. 04–143.

Supreme Court of Wyoming.

April 11, 2005.

Representing Appellant: Barbara A. Baker, Sheridan, Wyoming.

Representing Appellee: Anthony T. Wendtland and Clint A. Langer of Davis & Cannon, Sheridan, Wyoming. Argument by Mr. Wendtland.

Before HILL, C.J., and GOLDEN, KITE, and VOIGT, JJ., and STEBNER, D.J., Retired.

KITE, Justice.

[¶ 1] Thomas Finch sued his employer Farmers Co-op Oil Company of Sheridan, Wyoming, (Farmers Co-op) alleging several causes of action stemming from the termination of his employment. The district court ruled that Farmers Co-op was entitled to summary judgment on all of Mr. Finch's claims. We affirm.

## ISSUES

[¶ 2] Mr. Finch states the following issues on appeal:

1. Did Employee, Thomas E. Finch, have a contract for employment with Em-

ployer, Farmers Co-op[,] or was Farmers an "at-will" employer at the time [Mr.] Finch[ ] began his employment with Employer?

2. Did the District Court abuse its discretion by granting a summary judgment motion "on all claims" when Employer erroneously set out that Employee did not allege a breach of contract claim, when he did in fact allege such a claim?

Farmers Co-op phrases the issues as follows:

1. Did the trial court properly grant summary judgment in favor of Farmers Co-op on Mr. Finch's express employment contract claim? Would the statute of frauds have precluded such a contract under any circumstances anyway?

2. Was summary judgment proper concerning Mr. Finch's implied in fact contract claim?

3. Was summary judgment proper concerning Mr. Finch's promissory estoppel claim?

4. Is Mr. Finch precluded from arguing that the "at-will" disclaimer in his employment application was inconspicuous because he failed to raise that issue below?

5. Was summary judgment proper concerning Mr. Finch's bad faith claim?

6. Was summary judgment proper concerning Mr. Finch's punitive damages claim?

## FACTS

[¶ 3]   In accordance with our standard of review, we state the facts in the light most favorable to Mr. Finch, as he was the non-moving party. *See e.g., Honorable v. American Wyott Corporation,* 11 P.3d 928, 929 (Wyo.2000); *Worley v. Wyoming Bottling Company, Inc.,* 1 P.3d 615, 619 (Wyo.2000). On January 28, 2001, Mr. Finch submitted an application to Farmers Co-op requesting a job as a propane truck driver. The application contained a paragraph expressly stating that any future employment with Farmers Co-op would be "at will." Farmers Co-op hired Mr. Finch as a propane truck driver

and he received a copy of the company's 1996 employment manual.

[¶ 4]   During the first week of February 2002, Mr. Finch's supervisor, Dennis Nelson, offered him a promotion to manager of the propane delivery shop. Mr. Nelson told Mr. Finch that "if things didn't work out" with that position, he could return to his truck driving position. Later in February, Mr. Finch received a copy of a modified employment manual. The employment manual included two at-will disclaimers. In addition, Mr. Finch signed a separate form entitled "Disclaimer and Acknowledgement of Receipt" which reiterated that Farmers Co-op employees had "at will" employment status. Mr. Finch was paid $50 in consideration "for the acceptance of [the] handbook and the terms set forth therein."

[¶ 5]   On November 14, 2002, Mr. Nelson informed Mr. Finch that "the shop had [gone] from bad to worse" and laid him off from his position as manager of the propane shop. Mr. Finch requested that he be allowed to return to his position as a propane truck driver, but Mr. Nelson informed him there was no position available for him.

[¶ 6]   Mr. Finch filed a complaint naming Farmers Co-op and Mr. Nelson as defendants. He alleged claims for breach of contract, breach of the implied covenant of good faith and fair dealing, promissory estoppel, and punitive damages. Mr. Nelson was dismissed without prejudice from the action pursuant to a stipulation of the parties, and Farmers Co-op moved for summary judgment on all of Mr. Finch's claims. The district court held a hearing and granted summary judgment in favor of Farmers Co-op. Mr. Finch filed a timely notice of appeal of the district court's decision.

## STANDARD OF REVIEW

[¶ 7]   Wyo. R. Civ. P. 56 governs summary judgments. A summary judgment is appropriate when there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. W.R.C.P. 56(c). *See also, Owsley v. Robinson,* 2003 WY 33, ¶ 7, 65 P.3d 374, ¶ 7 (Wyo. 2003); *McLean v. Hyland Enterprises, Inc.,*

2001 WY 111, ¶ 14, 34 P.3d 1262, ¶ 14 (Wyo. 2001). When reviewing a summary judgment, we consider the record in the perspective most favorable to the party opposing the motion and give that party the benefit of all favorable inferences which may be fairly drawn from the record. *Hasvold v. Park County School District No. 6*, 2002 WY 65, ¶ 11, 45 P.3d 635, ¶ 11 (Wyo.2002); *Anderson v. Solvay Minerals, Inc.*, 3 P.3d 236, 238 (Wyo.2000). We review questions of law *de novo* without giving any deference to the district court's determinations. *Hasvold*, ¶ 11; *McLean*, ¶ 14.

## DISCUSSION

### A. Procedural Issue

[¶ 8] As an initial matter, we consider Mr. Finch's assertion that the district court abused its discretion by granting summary judgment in favor of Farmers Co-op on all claims, including his breach of contract claim. Mr. Finch argues that in dismissing his breach of contract claim, the district court relied on Farmers Co-op's misstatement that he did not present a breach of contract claim.

[¶ 9] The summary judgment hearing was not recorded in this case. Consequently, we have no transcript to review on appeal and our review is limited to the matters appearing in the appellate record. *See e.g., Dewey v. Wentland*, 2002 WY 2, ¶ 9, 38 P.3d 402, ¶ 9 (Wyo.2002); *Waggoner v. General Motors Corp.*, 771 P.2d 1195, 1198 (Wyo. 1989). The summary judgment order includes numerous references to Mr. Finch's breach of contract claim, showing that, despite Farmers Co-op's misstatement, the district court recognized Mr. Finch's contractual claims. We do not find any procedural error in the district court's decision to grant summary judgment on all issues.

### B. Employment Contract

[¶ 10] In Wyoming, employment is presumed to be at will. *Trabing v. Kinko's, Inc.*, 2002 WY 171, ¶ 10, 57 P.3d 1248, ¶ 10 (Wyo.2002); *Worley*, 1 P.3d at 620. "In an at-will employment relationship, either the employer or the employee may terminate the relationship at any time, for any reason or for no reason at all." *Boone v. Frontier Refining, Inc.*, 987 P.2d 681, 685 (Wyo.1999). *See also, McLean*, ¶ 21. The presumption that the employment relationship is at-will may be rebutted by a showing that the parties entered into an express or implied-in-fact agreement that the employee would be discharged only with just cause. *Boone*, 987 P.2d at 685; *Brodie v. General Chemical Corp.*, 934 P.2d 1263, 1265 (Wyo.1997).

[¶ 11] An express contract for employment may be made either orally or in writing. The necessary elements of a contract are "offer, acceptance and consideration." *McLean*, ¶ 42. In order to create an employment contract promising job security, the employee must show that the employer's offer included terms above and beyond the typical at-will employment situation. *Id. See also, Wilder v. Cody Country Chamber of Commerce*, 868 P.2d 211, 218–19 (Wyo.1994); *Loya v. Wyoming Partners of Jackson Hole, Inc.*, 2001 WY 124, ¶¶ 9–10, 35 P.3d 1246, ¶¶ 9–10 (Wyo.2001). Employment for a definite duration is one example of a term that may be inconsistent with typical at-will employment. *See Wilder*, 868 P.2d at 217. However, employment contracts that cannot be performed within one year fall within the purview of the statute of frauds, Wyo. Stat. Ann. § 1–23–105 (LexisNexis 2003), and must be reduced to writing to be enforceable. *Wilder*, 868 P.2d at 218. Another example of an employment contract term that negates at-will employment is one containing the requirement that just cause exist before an employee may be terminated. *Id.*

[¶ 12] Whether an oral contract existed, the terms and conditions of the contract, and the intentions of the parties to the contract are generally questions of fact. *Worley*, 1 P.3d at 622; *Wilder*, 868 P.2d at 216. A court may, however, answer those questions as a matter of law when there is no conflict in the evidence. *Birt v. Wells Fargo Home Mortgage, Inc.*, 2003 WY 102, ¶ 10, 75 P.3d 640, ¶ 10 (Wyo.2003); *Worley*, 1 P.3d at 622.

[¶ 13] In this case, Mr. Finch argues that he and Farmers Co-op entered into an express oral agreement that he could

return to his job as a propane truck driver if the position as shop manager "did not work out." Even viewed in the light most favorable to Mr. Finch, Mr. Nelson's promise did not provide him with job security because the truck driving position was an at-will position. Mr. Finch acknowledged that he could have been terminated from his position as a propane truck driver at any time, for any reason, or for no reason at all. Furthermore, he did not make any claims that he and Mr. Nelson had ever discussed the circumstances that could lead to his discharge. One example of Mr. Finch's understanding of the at-will nature of his position can be found in the following excerpt from his deposition testimony:

Q. Do you claim—I'm trying to understand how going back to the propane truck driver job worked out. Do you claim you had a right to work as a propane truck driver at Farmers Co-op until you retired? Is that what you are claiming here?

A. I don't know if I'm claiming that. I'm just claiming that if I was not to be in the shop that I was supposed to be given a job back as a propane driver.

Q. For how long, do you know, or was it just indeterminate if you got the truck driver job back?

A. If I got the driver's job back and done a good job, I don't see why I should have any problems.

Q. So you don't know for how long that would have lasted had you been transferred back to propane truck driver?

A. No, I don't.

Q. There is really no writing of any kind to indicate there was any set time that you would ever work at Co-op in any job, was there?

A. Not that I know of.

Q. And that was true when you were hired, right?

A. I guess.

Mr. Nelson's promise to Mr. Finch that he could return to the truck driving position if the management job did not "work out" did not provide him with any job security. Consequently, Mr. Finch did not establish that he was entitled to relief pursuant to an express employment contract.

[¶ 14] Farmers Co-op also argues that any oral employment contract between Mr. Finch and Farmers Co-op that could not be fully performed within one year was barred by the statute of frauds. As we recently acknowledged in *WERCS v. Capshaw*, 2004 WY 86, ¶ 21, 94 P.3d 421, ¶ 21 (Wyo.2004), the statute of frauds, which is codified at § 1–23–105, may be asserted as a defense to a contention that a long-term oral employment contract existed. *See also, Wilder*, 868 P.2d at 218. We are not, however, compelled to address the statute of frauds argument in this case because our other rulings are dispositive.

[¶ 15] Although his argument is not completely clear, Mr. Finch also seems to contend that he had an implied-in-fact contract for continued employment with Farmers Co-op based upon its employment manuals and/or Mr. Nelson's oral statements. "[A]n employment handbook or personnel policies, letters of employments, performance evaluations and an employer's course of dealing may supply terms for an implied-in-fact employment contract which requires termination for cause only unless it contains a sufficient disclaimer." *Bear v. Volunteers of America, Wyoming, Inc.*, 964 P.2d 1245, 1250 (Wyo.1998). *See also, Worley*, 1 P.3d at 621; *Ormsby v. Dana Kepner Co.*, 997 P.2d 465, 471 (Wyo.2000). "To determine the contents of any particular implied contract of employment, we examine under an objective test whether the employer has intended, either by words or conduct, to include job security as part of the implied employment contract." *Brodie*, 934 P.2d at 1265–66. As we opined in *Boone*, without an objective showing of a promise of job security, there is no basis for an employee to argue that cause is required before he can be discharged. An employee's "subjective belief that he could not be discharged unless just cause existed was insufficient to create a contract for continued employment." *Boone*, 987 P.2d at 686. *See also, Allen v. Safeway Stores Inc.*, 699 P.2d 277, 282 (Wyo.1985).

[¶ 16] Mr. Finch does not direct us to any language in either the 1996 or the 2002 em-

ployment manual that would create an implied-in-fact contract for continued employment. He does not allege the existence of a progressive disciplinary policy or any other provision implying that he could only be terminated for cause. Thus, there was no basis to find that Mr. Finch had an implied-in-fact contract for continued employment with Farmers Co-op.

[¶ 17] As a further impediment to Mr. Finch's implied-in-fact contract claim, there are several at-will employment disclaimers at play in this case. The application Mr. Finch signed included an express provision emphasizing that all Farmers Co-op employees were at-will employees and prohibiting oral modifications of an employee's at-will status. That provision was emphasized in bold font and stated as follows:

I understand and agree that nothing contained in this application, or conveyed during any interview, is intended to create an employment contract. I further understand and agree that if I am hired, my employment will be "at-will" and without any fixed term, and may be terminated at any time, with or without cause and without prior notice, at the option of either myself or the Company. No promises regarding employment have been made to me, and I understand that no such promise or guarantee is binding upon the Company unless made in writing.

[¶ 18] We recognized in *Loghry v. Unicover Corp.*, 927 P.2d 706, 710 (Wyo.1996), *abrogated on other grounds by Scherer Const., LLC v. Hedquist Const., Inc.*, 2001 WY 23 ¶ 23, 18 P.3d 645 ¶ 23 (Wyo.2001), that an employment application with an at-will disclaimer forms "a written, at-will employment contract." The application form Mr. Finch signed expressly negated the authority of any Farmers Co-op employee to make a promise or guarantee of job security binding upon the company unless it was made in writing. Mr. Finch testified in his deposition that he never received any written promise from Farmers Co-op.

[¶ 19] In his appellate brief, Mr. Finch attempts to argue that the disclaimer was insufficiently conspicuous. We decline, however, to consider this argument as it was not addressed to the district court. *See e.g., Rock Springs Land & Timber, Inc. v. Lore,* 2003 WY 100 ¶ 35, 75 P.3d 614 ¶ 35 (Wyo. 2003); *Morgan v. State,* 2004 WY 95, ¶ 25, 95 P.3d 802, ¶ 25 (Wyo.2004). Under the circumstances presented here, the disclaimer effectively prevented Mr. Finch from relying on Mr. Nelson's promise that he would have a position as a propane truck driver in the event the shop manager position did not work out.

[¶ 20] Moreover, shortly after Mr. Nelson's discussion with Mr. Finch about the management position, Farmers Co-op presented its employees, including Mr. Finch, with a new employment manual and a form entitled "DISCLAIMER AND ACKNOWLEDGEMENT OF RECEIPT," which restated the company's at-will employment policy. Mr. Finch signed the disclaimer and acknowledgement of receipt and received $50 in consideration for his acceptance of the handbook and the terms set forth therein. In *Brodie,* we held that even after promising job security to an employee, an employer can restore at-will status if the employee agrees to give up that contractual right and the employer provides additional consideration to the employee. *Brodie,* 934 P.2d at 1268–69. Thus, even if Farmers Co-op's course of conduct or the employment manuals had evinced an intention to provide job security, the disclaimer and additional consideration would have sufficed to reinstate Mr. Finch's at-will employment status.

[¶ 21] Mr. Finch did not present a prima facie case to establish either an express or an implied-in-fact contract for continued employment. The district court correctly granted summary judgment in favor of Farmers Co-op on Mr. Finch's breach of contract claims.

### C. Promissory Estoppel

[¶ 22] Mr. Finch also argues that Mr. Nelson's promise that he could return to his job as a propane truck driver if the shop management position did not work out should be enforced against Farmers Co-op under the equitable doctrine of promissory estoppel. "In the employment context,

promissory estoppel works to prevent injustice to employees who in good faith detrimentally rely upon an employer's actions, in turn binding the employer to fulfill a promise to an employee despite the lack of an employment contract." *Worley,* 1 P.3d at 623. "The required elements of a promissory estoppel claim are: the existence of a clear and definite agreement; proof that the party urging the doctrine acted in reasonable reliance on the agreement; and the equities support the enforcement of the agreement." *Id.*

[¶ 23] A valid at-will employment disclaimer, however, defeats an employee's promissory estoppel claim. *Trabing,* ¶ 22. The existence of a disclaimer "makes it unreasonable for an employee to rely on any subsequent understanding that [his] employment would be anything other than at will." *Id.* In other words, a valid disclaimer prevents the employee from satisfying the second element of a promissory estoppel claim. *Id. See also, Honorable,* 11 P.3d at 931. In *Honorable,* we recognized that a valid at-will disclaimer prevents the employee from relying on oral representations made by the employer in making a promissory estoppel claim. *Id.*

[¶ 24] As we have discussed at length above, there were disclaimers in the application and acknowledgement forms Mr. Finch signed, and in the body of the 2002 employment manual. The existence of these disclaimers prevented Mr. Finch from establishing that he reasonably relied on Mr. Nelson's statement and was, therefore, fatal to Mr. Finch's promissory estoppel argument.

### D. Implied Covenant of Good Faith and Fair Dealing

[¶ 25] Mr. Finch also claims that Farmers Co-op breached the implied covenant of good faith and fair dealing when it laid him off. Recovery of damages for tortious conduct arising out of breach of the implied covenant of good faith and fair dealing requires a showing of a legal duty and a breach of that duty. *See also, Wilder,* 868 P.2d at 220–22; *Loya,* ¶ 16. All employment contracts include an implied covenant of good faith and fair dealing. *Wilder,* 868 P.2d at 221; *Bear,* 964 P.2d 1245 at 1253. However,

"it is only in rare and exceptional cases that the duty is of such a nature as to give rise to tort liability." *Worley,* 1 P.3d at 624.

[¶ 26] "A duty arises only where a special relationship of trust and reliance exists between the employer and the employee seeking recovery." *Loya,* ¶ 17. The mere existence of an employment relationship is not sufficient to establish the special relationship necessary to state a tort claim. *Boone,* 987 P.2d at 689. Examples of the special relationship required in order to recover for breach of the implied covenant of good faith and fair dealing include: separate consideration; rights created by common law or statute; or the existence of rights which accrue with longevity of service. *Loya,* ¶ 17. *See also, Boone,* 987 P.2d at 689. Mr. Finch did not present any evidence to suggest that he and Farmers Co-op had a special relationship of trust and reliance that would support a claim of breach of the implied covenant of good faith and fair dealing. He cannot, therefore, maintain a claim on that theory.

[¶ 27] The district court correctly granted a summary judgment in favor of Farmers Co-op on all of Mr. Finch's claims and its order is, therefore, affirmed.