# IN THE SUPREME COURT, STATE OF WYOMING

## 2015 WY 8

OCTOBER TERM, A.D. 2014

*January 12, 2015*

PAULA SABATKA,

**Appellant**
**(Petitioner),**

**v.**

**BOARD OF TRUSTEES OF THE**
**FREMONT COUNTY PUBLIC**
**LIBRARY SYSTEM,**

**Appellee**
**(Respondent).**

S-14-0062

*Appeal from the District Court of Fremont County*
*The Honorable Norman E. Young, Judge*

*Representing Appellant:*
Gay Woodhouse of Woodhouse Roden Nethercott, LLC, Cheyenne, Wyoming; Mark Wingerson, Law Offices of Mark R. Wingerson, Brooklyn, New York

*Representing Appellee:*
No brief filed.

*Before BURKE, C.J., and HILL, KITE, DAVIS, and FOX, JJ.*

**NOTICE:  This opinion is subject to formal revision before publication in Pacific Reporter Third. Readers are requested to notify the Clerk of the Supreme Court, Supreme Court Building, Cheyenne, Wyoming 82002, of any typographical or other formal errors so that correction may be made before final publication in the permanent volume.**

**DAVIS**, Justice.

[¶1]    Appellant Paula Sabatka was the manager of the Dubois branch of the Fremont County Library System (FCLS). Believing that she was authorized to do so, she used an FCLS account to order books for the Dubois school system, which then repaid FCLS for them. Unfortunately, this good deed did not go unpunished. Based upon a misreading of Wyo. Stat. Ann. § 9-13-105 (LexisNexis 2013) by FCLS counsel, the FCLS executive director fired Appellant, believing that she had violated the statute and committed a misdemeanor by buying the books as she did. Appellant requested a grievance hearing, and the FCLS Board of Trustees (Board) upheld the executive director's action. Appellant filed a petition for review with the district court, which affirmed because Appellant's employment was at-will.

[¶2]    While Appellant presents several issues on appeal, the inescapable and controlling verity is that her employment was at-will. We must affirm.

## ISSUE

[¶3]    The dispositive question in this matter is one that is controlled by Appellant's employment status; for that reason, we restate the decisive issue as follows:

> Must the decision to terminate Appellant, who was an at-will employee, be overturned because the basis for that decision was an erroneous belief that she violated a statute while working as the Dubois branch manager of FCLS?

## FACTS

[¶4]    Appellant was the manager of the Dubois Branch of the FCLS for about six years. In the years leading up to her termination, the Dubois school system was beset by declining enrollments and reduced funding. For budgetary reasons, it eliminated some positions, including that of a part-time librarian who maintained the Dubois School District's (District) libraries.

[¶5]    Needing help, the District negotiated with the FCLS in hopes that a Memorandum of Understanding (MOU) could be reached. It sought an agreement which would formally permit the staff of the FCLS branch to help the Dubois schools maintain their libraries, including acquiring additional books which would benefit students. Although an MOU was drafted, it was never executed.

[¶6]    There may arguably have been an informal agreement allowing the FCLS to assist the District in acquiring books for its libraries. The District's superintendent, for instance, adamantly maintained that there was such an agreement because he and the

1

FCLS executive director, Matt Nojonen, met face-to-face and shook hands on it. Based upon what she learned of the discussions between the FCLS executive director and District superintendent, Appellant also believed that she was authorized to buy books for the District. However, the executive director did not believe there was any such informal agreement between the FCLS and the District.

[¶7]    In early November of 2012, Appellant, believing she was authorized to do so, utilized an FCLS account to place two orders for books for the District.[1]  The total cost was $544.00, which the District repaid to the FCLS.  The District superintendent explained during the grievance hearing that "we made that very clear" that the District would reimburse FCLS for the books.

[¶8]    On November 7, 2012, Appellant told the FCLS business manager about the book orders, explaining that the District would reimburse FCLS when she received the invoices and presented them to it.  The business manager relayed this information to the FCLS executive director.  Evidently suspecting wrongdoing, the executive director contacted a deputy in the office of the County and Prosecuting Attorney.  The deputy county attorney advised him that Appellant had committed a crime under Wyo. Stat. Ann. § 9-13-105 when she purchased the books, and that he would therefore be justified in terminating her employment.[2]

---

[1] The FCLS maintains an account with the State Library through which it purchases books from the company of Baker & Taylor.  The District also has an account with the State Library which it uses to purchase books from the same company.
[2] Wyo. Stat. Ann. § 9-13-105 provides that "[a] public official, public member or public employee shall not use public funds, time, personnel, facilities or equipment for his private benefit or that of another unless the use is authorized by law."  A "public employee" means:

> (A) The attorney general and the director of any department of the executive branch appointed by the governor under W.S. 9-2-1706, or the director of any legislative agency;
> (B) The chief executive officer of any separate operating agency under W.S. 9-2-1704(d), except those listed in paragraphs (d)(vi) and (x) of that section;
> (C) To the extent the incumbent in the position serves at the pleasure of persons listed in subparagraphs (A) and (B) of this section, administrators of department or agency divisions, and deputy directors of departments;
> (D) Commissioners of the public service commission and members of the state board of equalization;
> (E) Deputies and administrators of divisions within the offices of state elected officials under W.S. 9-2-1704(a). The positions, in the governor's office, of chief of staff, attorney for intergovernmental affairs and chief of policy are included within this subparagraph.

Wyo. Stat. Ann. § 9-13-102(a)(xii).  A violation of this section is a misdemeanor, and provides "sufficient cause for termination of a public employee's employment . . . ."  Wyo. Stat. Ann. § 9-13-109(a) and (b).

[¶9]    The next day, on November 8, 2012, the executive director traveled to Dubois and informed Appellant that she was terminated because she used FCLS funds to purchase books for the District.  A letter of termination stated:

> You have used the library's account with Baker and Taylor to order materials for the Dubois school district.  That action was unauthorized and is a violation of Wyoming Statute 9-13-105.
>
> Your position as Branch Manager is terminated effective immediately.

Appellant requested a grievance hearing before the Board, as permitted by the grievance procedures set forth in the FCLS *Organizational & Personnel Policies* adopted February 7, 2007 and revised October 3, 2012 (FCLS *Policies*).

[¶10]  The FCLS Board held a special meeting at which the grievance hearing was held in executive session at the Lander library.  The Board engaged an "examiner" (who was an attorney) to conduct the hearing, and the parties were represented by "advocates" under this policy (in this case, the advocates were also attorneys).  Evidence was presented in a fashion similar to that called for in contested cases by the Wyoming Administrative Procedures Act.[3]

[¶11]  The Board upheld the termination based upon an erroneous belief that Appellant had in fact violated Wyo. Stat. Ann. § 9-13-105.  Its order denied Appellant reinstatement as the FCLS manager of the Dubois Branch, concluding:

> 2.    Having found that Mrs. Sabatka violated the provisions of Wyo. Stat. § 9-13-105, (1977) as amended, the Board concludes that Mrs. Sabatka, as a terminated employee filing a grievance pursuant to the Grievance Policy set out in the Fremont County Library System Organizational and Personnel Policies, adopted February 7, 2007 and Revised May 2, 2012 ("Policies") as well as the Grievance Procedure set out in the Fremont County Library System Library Procedures and Manager's Handbook, Revised 2011 ("Procedures"), had the burden of proof at the time of hearing

---

[3] The Board's order noted that "[t]he hearing in executive session was conducted in accord with the Policies and Procedures of the FCLS, and further in accord with Wyoming Law including the Administrative Procedures Act, Wyo. Stat. §§ 16-3-101 and 107-112 . . . ."

to establish that Mr. Nojonen's decision to terminate her employment was not justified under the circumstances. . . .[4]

. . .

4.    The Board concludes that Mrs. Sabatka was an "at-will" employee of the FCLS as the Policies contained a disclaimer to that effect at the top of page 2. As such Mr. Nojonen could have terminated Mrs. Sabatka at any time for any reason he found sufficient. By the same token Mrs. Sabatka could terminate her employment without notice if she saw fit. "In an at-will employment relationship, either the employer or the employee may terminate the relationship at any time, for any reason or for no reason at all." *Kuhl v. Wells Fargo Bank, N.A.*, 2012 WY 85, 281 P.3d 716, 721 (Wyo. 2012)[.]

5.    The Board concludes that neither the Grievance Policy nor Procedure for hearing such a grievance negates the effect of the disclaimer on page 2 of the Policies. . . . Thus the decision of Mr. Nojonen to terminate Mrs. Sabatka was in accord with her status as an "at-will" employee of the Library System absent some extenuating circumstance which is established by a preponderance of the evidence that termination was not justified.

6.    The Board concludes as a matter of law that Mrs. Sabatka has failed to prove by a preponderance of the evidence that Mr. Nojonen's decision to terminate her was not justified. Mrs. Sabatka in purchasing the books for the school district clearly violated a state law Wyo. Stat. § 9-13-105, (1977) as amended. The statute was adopted to protect the expenditure of the public monies by those entities to which it has been allocated.

The decision was therefore held to be justified not only because the Board believed Appellant had committed a crime, but also because she was an at-will employee.

[¶12] Appellant then sought review in the district court. At this stage of the proceedings, however, the Board—represented by the same deputy county attorney—

---

[4] We do not necessarily agree that in a contested case the burden of proof should be so allocated, but we do not reach that issue for reasons explained below.

4

completely changed its tune. In its briefing in the district court, the Board conceded that §§ 9-13-105 and 9-13-102 "clearly" did **not** apply to Appellant. This is so because Appellant did not receive a private benefit as required by § 105, and she does not fit the definition of "public employee" under § 102. The district court highlighted this concession, but nevertheless determined in its *Order Affirming Agency Action*

> that the incorrect statutory reference was indeed utilized in [Appellant's] termination notice and in the hearing. However, that does not change her position as an "at-will" employee who may be terminated ay any time with or without cause. The fact that the FCLS Policy Manual provides for a Grievance Procedure and that procedure was provided does not change her employment status. . . .

Appellant timely perfected this appeal.

## STANDARD OF REVIEW

[¶13] Our standard of review regarding agency action has been plainly set forth many times:

> We accord no deference to a district court decision reviewing an administrative agency order. Instead, we review the case as if it came directly from the administrative agency. Our review is governed by Wyo. Stat. Ann. § 16-3-114(c) . . .

> > (c) To the extent necessary to make a decision and when presented, the reviewing court shall decide all relevant questions of law, interpret constitutional and statutory provisions, and determine the meaning or applicability of the terms of an agency action. In making the following determinations, the court shall review the whole record or those parts of it cited by a party and due account shall be taken of the rule of prejudicial error. The reviewing court shall:

> > (i) Compel agency action unlawfully withheld or unreasonably delayed; and
> > (ii) Hold unlawful and set aside agency action, findings and conclusions found to be:
> > (A) Arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law;

5

> (B) Contrary to constitutional right, power, privilege or immunity;
>
> (C) In excess of statutory jurisdiction, authority or limitations or lacking statutory right;
>
> (D) Without observance of procedure required by law; or
>
> (E) Unsupported by substantial evidence in a case reviewed on the record of an agency hearing provided by statute.
>
> Where both parties present evidence at an administrative hearing, we review the entire record to determine if the agency findings are supported by substantial evidence. Substantial evidence is relevant evidence that a reasonable mind might accept as adequate to support a conclusion. Phrased another way, findings of fact are supported by substantial evidence if, from the evidence preserved in the record, we can conclude a reasonable mind might accept the evidence as adequate to support the agency findings. We review the agency's conclusions of law *de novo*.

*Batten v. Wyoming Dep't of Transp. Drivers' License Div.*, 2007 WY 173, ¶¶ 6-7, 170 P.3d 1236, 1239-40 (Wyo. 2007) (internal citations and quotation marks omitted).

## DISCUSSION

[¶14] Having carefully reviewed the entire record, we are convinced that the Board and district court correctly determined that Appellant was an at-will employee. The FCLS *Policies* contains several disclaimers explaining that Appellant's employment was at-will, including the following:

> **At-Will Employment Statement**
>
> Your employment with the Fremont County Library System is a voluntary one and is subject to termination by you or the Fremont County Library System at will, with or without cause, and with or without notice, at any time. Nothing in these policies shall be interpreted to be in conflict with or eliminate or modify in any way the employment at-will status of Fremont County Library System employees.

6

> The policy of employment at-will may not be modified by any officer or employee and shall not be modified in any publication or document. The only exception to this policy is a written employment agreement approved at the discretion of the Fremont County Library System Board of Directors.

Appellant did not have a written employment agreement approved by the Board, and she does not contend that there was any other basis to change her at-will status to that of an employee terminable for cause.

[¶15] Nevertheless, Appellant raises several arguments based upon the Board's *Order* and how the grievance hearing was conducted. She also claims the district court erred when it wrote that the Board found that she was terminated for taking an action she was not authorized to take. However, our review is limited because when employment is at-will, "either the employer or the employee may terminate the relationship at any time, for any reason or for no reason at all." *Finch v. Farmers Co-op. Oil Co. of Sheridan*, 2005 WY 41, ¶ 10, 109 P.3d 537, 541 (Wyo. 2005).

[¶16] We can succinctly dismiss Appellant's assertions based upon her employment status. She was an at-will employee who was provided a grievance hearing permitted by the FCLS policy. She was not an employee whose express or implied contract required cause for termination; if she had been, there would have been a property interest in continued employment and the fundamental requirements of due process notice and a meaningful opportunity to be heard would have to have been provided. *See Lucero v. Mathews*, 901 P.2d 1115, 1120 (Wyo. 1995). Because she had no such interest, she had no right to a contested case hearing, which is required only when "legal rights, duties or privileges of a party are required by law to be determined by an agency after an opportunity for hearing . . . ." Wyo. Stat. Ann. § 16-3-101(b)(ii) (LexisNexis 2013).

[¶17] The Board and the examiner conducted the grievance hearing as if it were hearing a contested case. The fact that she received a contested case-style hearing did not change Appellant's at-will employment to require cause for termination. The Board could have exercised its general authority to rehire Appellant regardless of how the grievance was heard, but it did not do so. The Board correctly concluded that Appellant was an at-will employee, and it therefore acted lawfully in declining to set aside her termination. *See e.g., Erwin v. State, Dep't of Family Servs.*, 2010 WY 117, ¶ 9, 237 P.3d 409, 412 (Wyo. 2010) (this Court may affirm a decision on any proper legal grounds supported by the record).

[¶18] Perhaps unfortunately in this case, "[t]he at-will employment rule offers no remedy to an employee who has been arbitrarily or improperly discharged and has suffered adverse effects on his or her economic and social status regardless of how

7

devastating those effects actually were."[5] *Townsend v. Living Centers Rocky Mtn., Inc.,* 947 P.2d 1297, 1299 (Wyo. 1997).

[¶19] Affirmed.

---

[5] This is an appeal from an administrative decision, and the scope of our review is narrow. At-will employees may of course have other statutory remedies which are not implicated in this appeal, including but not limited to protections against various forms of specific discrimination under the Wyoming Fair Employment Practices Act (Wyo. Stat. Ann. § 27-9-101 *et seq.*), the Equal Employment Opportunity Act (42 U.S.C. § 2000e *et seq.*), the Americans With Disabilities Act (42 U.S.C. § 12181 *et seq.*), the Age Discrimination in Employment Act (29 U.S.C. § 621 *et seq.*), and the Family and Medical Leave Act (29 U.S.C. § 2601). Citizens' constitutional liberty interests in their status and reputations may also be protected from deprivation without due process under certain limited circumstances under 42 U.S.C. § 1983. *See, e.g., Dee v. Borough of Dunmore,* 549 F.3d 225, 234 (3d Cir. 2008); *Paul v. Davis,* 424 U.S. 693, 701-12, 96 S.Ct. 1155, 47 L.Ed.2d 405 (1976)). Certain common law torts have also been recognized in the employment context, including breach of an implied covenant of good faith and fair dealing, intentional infliction of emotional distress, and retaliatory termination in violation of public policy. *Hoff v. City of Casper-Natrona County Health Dept.*, 2001 WY 97, ¶ 18, 33 P.3d 99, 103 (Wyo. 2001). A government employee's ability to pursue some of these state law claims may be limited by the immunities conferred by the Wyoming Governmental Claims Act, Wyo. Stat. Ann. § 1-39-101 *et seq*. In any event, no such claims are raised in this review of administrative agency action.

8